SUBSTITUTED OPINION ON REHEARING
SMITH, Judge.
Barry appeals from judgments and concurrent sentences of commitment on charges of grand larceny and forgery. He contests the sufficiency of the evidence on both counts and asserts other errors.
Upon our initial consideration of the charge that Barry forged the signature of Mary Burtt Foster as an endorsement on a check payable to her, we erroneously conceived that the endorsement was written as “Mary Burtt Foster (JGB)” and that Barry intended thereby to reveal his authorship of the handwriting. In fact, as clearly appears by the State’s petition for rehearing, the evidence and the permissible inferences from the evidence were in conflict at the trial. Our initial disposition to reverse the forgery conviction was therefore in error and the opinion expressing that reversal is withdrawn. The evidence was likewise sufficient to sustain Barry’s conviction of grand larceny.
At the sentencing, the court expressed the view that Barry’s counsel was entitled to present evidence in bar of the sentence, but not evidence in mitigation. Counsel persisted, however, until he managed to present to a reluctant audience the substance of the evidence. Barry’s counsel was entitled as of right to a reasonable opportunity to make a submission, by testimony or otherwise, on any matter “relevant to the sentence.” Rule 3.720(b), R.Cr.P. Neering v. State, 164 So.2d 29 (Fla.App. 1st, 1964), cert. den. 377 U.S. 980, 84 S.Ct. 1880, 12 L.Ed.2d 748 (1964), reh. den. 379 U.S. 871, 85 S.Ct. 16, 13 L.Ed.2d 78 (1964). However, because the trial court heard and evidently considered the evidence which Barry’s counsel presented and there is no indication that any evidence omitted was of import greater than that which was presented, any error was harmless. Sec. 924.33, F.S.1975.
The judgments and sentences are AFFIRMED.
RAWLS, Acting C. J., and McCORD, J., concur.