365 So.2d 1042 (1978)
Johnson CASON and Christine Cason, Individually and As Man and Wife, Appellants,
v.
Eugene SMITH and Industrial Fire & Casualty Insurance Company, Appellees.
No. 77-2160.
District Court of Appeal of Florida, Third District.
December 22, 1978.
*1043 Pelzner, Schwedock & Finkelstein, Miami, for appellants.
Goodhart & Rosner, Greene & Cooper and Sharon L. Wolfe, Miami, for appellees.
Before PEARSON, KEHOE and SCHWARTZ, JJ.

ON REHEARING GRANTED
SCHWARTZ, Judge.
The plaintiffs appeal from a judgment entered for the defendants after the jury returned a verdict which revealed that it had found that the plaintiffs had failed to meet the then-applicable no-fault threshold of establishing permanent injury or $1,000.00 in reasonable medical expenses. They claim reversible error, on the authority of Garrett v. Morris Kirschman & Co., Inc., 336 So.2d 566, 571 (Fla. 1976), in the trial judge's refusal to permit the introduction of various hospital and doctors' bills on the basis of the plaintiffs' testimony alone and without that of the treating physician that the expenses incurred were reasonable and necessary. The Garrett case does hold that expert testimony to this effect is not necessary to justify the admission of the bills, when, as in Garrett, they have been paid. See cases collected in Annot., Necessity and Sufficiency of Evidence as to Reasonableness of Medical Expenses, 12 A.L.R.3rd 1347, 1376-1384.
At the trial below, however, the plaintiffs' counsel did not proffer that the bills in question had in fact been paid. Ordinarily, such a failure to make a proffer which would demonstrate that the proposed evidence was improperly excluded would prevent appellate consideration or acceptance of the point. E.g., Stager v. Florida East Coast R. Co., 163 So.2d 15, 17 (Fla. 3rd DCA 1964), cert. disch., 174 So.2d 540 (Fla. 1965). In this case, however, this requirement cannot obtain because the record shows, for reasons that need not be detailed, that the trial judge effectively interfered with the plaintiffs' ability to complete any proffer they wished to make. See Musachia v. Terry, 140 So.2d 605, 607-608 (Fla. 3rd DCA 1962); Jones v. Clark, 418 P.2d 792, 799 (Wyo. 1966); Hepp v. Hepp, 420 P.2d 118 (Wyo. 1966).
Nevertheless, on this record, we simply cannot tell whether the bills had been *1044 paid, in which case the plaintiffs would be entitled to a new trial, or had not, in which case they would not be so entitled. Under these circumstances, we deem it appropriate to vacate the judgment and to remand the cause to the trial court, with directions to determine whether the bills in question had been paid as of the date of the trial, August 24, 1977. See In re Estate of Vallish, 431 Pa. 88, 244 A.2d 745 (1968). If the court so finds, it is directed to order a new trial; if the court finds otherwise, judgment is to be reentered for the defendants.
Vacated and remanded with directions.