HOBSON, Judge.
David Russell Riley appeals four sentences imposed for convictions in four cases (circuit court Nos. 79-2250, 79-3215, 79-3216 and 80-3298) on the ground that the trial court erred at the sentencing hearing by failing to follow the mandate of Florida Rule of Criminal Procedure 3.720. We reverse the sentence on No. 80-3298 and remand.
At the outset of the sentencing hearing appellant’s trial counsel raised an objection to proposed sentences on Nos. 79-2250, 79-3215 and 79-3216. His counsel and the court then agreed to postpone a disposition of those cases. The court thereupon proceeded to deal with No. 80-3298. While in the process of adjudicating appellant guilty of the charges on this case, the court and appellant’s counsel engaged in the following conversation:
MR. ANTONELLO: May it please the Court, Your Honor?
THE COURT: Yes.
MR. ANTONELLO: And I should have interrupted the Court earlier, I feel. But I thought maybe the defendant might want to say a few words on his own behalf for himself.
THE COURT: I — that is fine, but I have — I’ve had him before me before.
MR. ANTONELLO: I know.
THE COURT: I have seen this, and I have already made up my mind, and I'm resolute in the direction I’m going if I just could get it out. All right?
MR. ANTONELLO: I — yes, sir, and I had figured that’s — that is what the Court had in mind, and I know the Court is completely familiar with his case, but— but I — I just thought that he might want to say a few words.
THE COURT: Right. No, I’m not. He can say what he wishes, but it will be after I dispose of this.
*577 MR. ANTONELLO: Yes, sir.
The court finished adjudicating him guilty on No. 80-3298 and then sentenced him. Later, appellant indicated through his counsel that he wished to waive the earlier objection on the other cases and have the sentences on those cases pronounced that day. The court thereupon adjudicated him guilty of the charges on those cases and pronounced sentences without objection.
Rule 3.720 provides that at the sentencing hearing the sentencing court shall entertain submissions and evidence by the parties which are relevant to the sentence. The language of this rule, of course, is mandatory. Mask v. State, 289 So.2d 385 (Fla.1973); Culbertson v. State, 306 So.2d 142 (Fla. 2d DCA 1975). We believe that the court violated this rule by refusing to allow appellant the opportunity to submit testimony or present evidence in mitigation on No. 80-3298.
Accordingly, we reverse the sentence on No. 80-3298 and remand for resentencing. We affirm all the convictions and the other sentences.
REVERSED in part, AFFIRMED in part, and REMANDED.
OTT, C.J., and DANAHY, JJ., concur.