431 So.2d 707 (1983)
STATE of Florida, Petitioner,
v.
Debra Ann HOHL, Respondent.
No. 82-2684.
District Court of Appeal of Florida, Second District.
May 20, 1983.
*708 Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for petitioner.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for respondent.
SCHEB, Judge.
The state seeks to vacate the defendant's sentence because of the trial court's refusal to allow it to submit evidence relevant to the sentence. We hold the court's refusal departed from the essential requirements of the law and grant this writ of certiorari.
The state filed informations charging defendant Debra Ann Hohl with three counts of bank robbery and two counts of attempted bank robbery. At a pre-plea conference on October 27, 1982, counsel for the state and defense appeared before the trial judge and discussed the case at some length. This resulted in the defendant's agreeing to enter a plea in exchange for a ten-year prison sentence. The court set sentencing for November 9.
Before he came on the bench on November 9, the trial judge informed counsel for the state that he had changed his mind about the previously agreed on sentence and had decided to place defendant on probation. Shortly thereafter, the court convened and the trial judge accepted the defendant's plea of no contest to all charges. He confirmed his previously announced intention by imposing a fifteen-year probationary term with eleven and one-half months jail time as a condition on one of the charges, with five-year probationary terms on each of the other charges to run concurrent with the fifteen-year term. The state explained that it had been surprised by the judge's announcement that he was not going to sentence the defendant as the parties originally understood. The state then immediately requested a sentencing hearing, which the trial judge denied.
On November 23 the state moved to set aside the trial court's judgment on the ground that it was denied an opportunity to be heard on the aspects of sentencing. The state attached to its motion an affidavit from an assistant state attorney. The affiant stated that the defendant's counsel told him that just prior to the hearing on November 9, at the request of the judge, defendant and her counsel had separate conferences with the judge concerning the sentence to be imposed. The state alleged that *709 it had no prior notice of these conferences. The defendant did not rebut these allegations. The trial court, after a hearing, denied the motion, and the state filed a notice of appeal.[1]
Florida Rule of Criminal Procedure 3.720(b) requires a trial court to "[e]ntertain submissions and evidence by the parties which are relevant to the sentence." The rule makes it mandatory for the court to receive evidence of aggravating or mitigating circumstances. Mask v. State, 289 So.2d 385 (Fla. 1974); Trudeau v. State, 348 So.2d 66 (Fla. 4th DCA 1977), cert. denied, 355 So.2d 517 (Fla. 1978); Culbertson v. State, 306 So.2d 142 (Fla. 2d DCA 1975). These authorities refer to cases where the defendants' rights have been infringed; yet, justice is due the accusor as well as the accused, and the rule comprehends the rights of both the state and defense.
Granted the trial court was not bound by the state's recommendation, State v. Adams, 342 So.2d 818 (Fla. 1977), and no one suggests that the trial court's disposition was beyond its sentencing authority. Yet, given the state's unrebutted sworn allegations that the trial court received evidence relevant to sentencing outside the presence of the state, coupled with the fact that the state was not so informed until just prior to the sentencing, the court should have granted the state's request to submit relevant evidence under rule 3.720(b). Its failure to do so was tantamount to denying the state its day in court. Moreover, we cannot accept the defendant's argument that the pre-plea conference served as a substitute for a sentencing hearing and the protection afforded parties by rule 3.720(b).[2]
Accordingly, we grant certiorari, vacate the sentence, and direct the court to hold a sentencing hearing at which time the parties shall be permitted to submit evidence relevant to the sentence as provided by rule 3.720(b).
GRIMES, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] As the defendant points out, the state has no right to appeal from imposition of a sentence or the placing of a defendant on probation where, as here, such action does not constitute an illegal sentence. However, we have chosen to treat the state's notice of appeal as a petition for certiorari, as we think the trial court's actions have departed from the essential requirements of the law to the irremediable prejudice to the state. See State v. Wilcox, 351 So.2d 89 (Fla. 2d DCA 1977).
[2] The precise nature of the pre-plea conference is unclear, and there is no transcript concerning this discussion. Apparently, it was of an informal character looking toward entry of a plea with a sentence agreeable to all parties. This seems to be a variety of plea bargaining, which lacks the usual formalities that should normally accompany a negotiated plea.