451 So.2d 551 (1984)
David Kim HARGIS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-585.
District Court of Appeal of Florida, Fifth District.
June 21, 1984.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Hargis, pled nolo contendere to violating his probation on two burglary charges. He appeals, first claiming his sentencing was violative of section 775.14, Florida Statutes (1983) and, second, contending that the probationary portion of a sentence violative of the Villery[1] case is "void" and therefore cannot be legally violated (even though Hargis expressly declined to seek vacation of the sentence via 3.850). These two assertions are wholly without merit.
*552 The appellant also contends, however, that his sentencing hearing was defective because the trial court violated Florida Rule of Criminal Procedure 3.720, which provides in pertinent part:
As soon as practicable after the determination of guilt and after the examination of any presentence reports the sentencing court shall order a sentencing hearing. At the hearing the sentencing court shall:
* * * * * *
(b) Entertain submissions and evidence by the parties which are relevant to the sentence... .
At the sentencing hearing, Hargis' trial counsel attempted to present a five-minute tape, consisting of the comments of three witnesses, for consideration prior to imposition of sentence. The following colloquy occurred:
MR. LEVIN: Judge, I know this is a bit unusual request, and I have to be candid. I was retained just last week on this case.
There were three people who wanted to be heard, and I was not able to produce them for one was in California, one is in Marianna, Florida, and one is traveling around the country.
I've prepared a short tape recorded comments that are, I mean, five minutes total length of the three. I'd ask the Court to at least hear those before 
THE COURT: You could have given me the tape last night. I would have listened to it.
MR. LEVIN: I was not aware the Court had facilities, even, to hear it. It's, I promise you, very, very brief.
THE COURT: I'm not going to take the time. I expect these things to come to me ahead of time.
Norman, you've been here long enough to know what my rules are with regard to other testimony. First, you got to file the motion if you want to have them live.
In this situation, since I don't have a rule concerning tape recordings, it's very innovative. I like the idea. You should have given me the tape. I could have listened to it last night. I could have gotten all the information.
I'm not going to take the time.
MR. LEVIN: I would like to summarize. Can I summarize?
THE COURT: (Shakes head.)
Rule 3.720(b) makes it mandatory for a trial court to entertain submissions and evidence which are relevant to the sentence. If the trial court refuses to allow a defendant to present matters in mitigation, the case must be remanded for a sentencing hearing and resentencing. Miller v. State, 435 So.2d 258 (Fla. 3d DCA 1983); Riley v. State, 423 So.2d 576 (Fla. 2d DCA 1982).
In Miller, the defendant was not prepared to offer mitigating factors immediately after the trial and requested a continuance. The trial court denied this request. The Third District affirmed the sentence, noting that the defendant was given an opportunity to present matters in mitigation, but that he was unprepared to do so. The court held that Rule 3.720(b) only requires that the defendant be given an "opportunity" to present matters in mitigation and that no abuse was shown in the denial of the motion for continuance. See also Cheatham v. State, 346 So.2d 1218 (Fla. 3d DCA 1977) (court not compelled under Rule 3.720 to grant the defendant a continuance prior to sentencing).
In the instant case, the evidence sought to be introduced consisted of a tape of recorded comments by three individuals. The defense counsel said that he was submitting this tape in lieu of their live testimony, since the parties could not be present. No motion for continuance to enable the defendant to procure the parties was made. The trial court denied the request to listen to the tapes, primarily because they were not presented before the hearing. The court also refused to allow defense counsel to summarize the tapes. The defendant was given an opportunity to testify at the hearing.
*553 The trial court's actions contravened Rule 3.720, particularly since the trial court refused to even hear a summary of the proposed evidence. The evidence might well be inadmissible as hearsay or as irrelevant; however, without a proffer of the evidence, this court is unable to determine that. See Brown v. State, 431 So.2d 247 (Fla. 1st DCA 1983).
The convictions are affirmed, but the sentences are reversed and the cause remanded for resentencing.
AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981).