BOARDMAN, EDWARD F. (Ret.) Judge.
Appellant Moye Scruggs appeals from his final judgment and sentence for sexual battery. As his sole point on appeal, appellant contends the trial court erred by refusing to allow him to present evidence or argument relative to sentencing. We agree.
In January of 1983, appellant pled nolo contendere to a charge of sexual battery and received two years probation. As a result of a violation of his probation, appellant was adjudicated guilty of the sexual battery and sentenced to five and a half years in prison.
At the hearing on the violation of probation, the following colloquy occurred.
THE COURT: We’re talking now about how long you’re going to be gone, Mr. Scruggs. Anything else you want to say? The Court at this time revokes your probationf,] and it is the judgment, order, and sentence of the Court that you be adjudicated guilty of the offense for which you were on probation and confined in the Florida State Prison for a term of five and one half years therefor with credit for whatever time you may have already served.
MR. STONE: Your Honor, may we be allowed to be heard as to the sentencing?
THE COURT: Okay. What?
MR. STONE: Your Honor, the Court allowed me to look at the probation file that had been drawn up. Your Honor, the probation file has a guideline work sheet.
THE COURT: If you think there is some error in the numbers[,] appeal it. Don’t try to go into that here this morning. I gave you the bottom of the range that we’re operating in which is probably the top of the lower range so—
MR. STONE: Your Honor, my position is that he falls in the position of the three and a half to four year range[,] and I feel that this is the—
THE COURT: Appeal it. Let's don’t worry about it, right—
MR. STONE: For the record, Your Honor, is the Court — it is within the guidelines or the Court’s going outside the guide—
THE COURT: It is the guidelines, five and a half.
MR. STONE: For the record, Your Honor, I am going to have to object for not only because I can’t be heard as to what the guidelines should be but there’s been no evidence introduced or rebutted as to what his prior record is.
THE COURT: Okay.
Rule 3.720(b), Florida Rules of Criminal Procedure, provides that at sentencing a trial court “shall entertain submissions and evidence by the parties which are relevant to the sentence.” The language of the rule is mandatory. Mask v. State, 289 So.2d 385 (Fla.1973); State v. Hohl, 431 So.2d 707 (Fla. 2d DCA 1983); Riley v. State, 423 So.2d 576 (Fla. 2d DCA 1982). Here, how *489 ever, the trial court clearly violated the rule by refusing to allow appellant’s counsel to submit evidence relative to the appropriate sentence under the guidelines and thereby deprived appellant of his day in court.
Accordingly, we vacate the sentence and remand for resentencing consistent with this opinion.
REVERSED and REMANDED.
GRIMES, A.C.J., and DANAHY, J., concur.