PER CURIAM.
Munson pled guilty to seven counts of obtaining property in return for worthless checks, five counts of grand theft, and one count of possession of a firearm by a convicted felon. Before sentencing, Munson filed a motion for a downward departure. The state did not respond in writing before the sentencing hearing. At the sentencing hearing, the prosecutor explained that it was his understanding that if he did not respond, the defendant would make an open plea to the court.
The trial court determined that, by failing to respond to Munson’s motion, the state had elected to stand mute at sentencing and therefore could not present any evidence unless asked by the court. The state argues that the court improperly denied it the right under rule 3.720(b), Florida Rules of Criminal Procedure, to present evidence relevant to sentencing. We agree.
The trial court insisted that the state had waived its right to present evidence under rule 3.720(b) when it failed to file a written response to Munson’s motion. We can find no authority to support this proposition. On the contrary, it ignores the precise language of the rule:
RULE 3.720 SENTENCING HEARING
As soon as practicable after the determination of guilt and after the examination of any presentence reports the sentencing court shall order a sentencing hearing. At the hearing, the sentencing court shall:
[[Image here]]
(b) Entertain submissions and evidence by the parties which are relevant to the sentence, [e.s.]
Fla.R.Crim.P. 3.720(b).
Florida courts have consistently held that the failure to comply with the imperative of rule 3.720(b) is reversible error. Mask v. State, 289 So.2d 385, 387 (Fla.1973); Hargis v. State, 451 So.2d 551, 552 (Fla. 5th DCA 1984); Tuthill v. State, 478 So.2d 409 (Fla. 3d DCA 1985), rev. denied, 484 So.2d 10 (Fla.1986); State v. Hohl, 431 So.2d 707, 709 (Fla. 2d DCA 1983). As Judge Scheb pointed out in Hohl:
These authorities refer to cases where the defendants’ rights have been infringed; yet justice is due the accusor [sic] as well as the accused, and the rule comprehends the rights of both the state and defense.
431 So.2d at 709.
It is equally clear that a reviewing court may, in a proper case, reverse on this ground even if the objecting party fails to make a proffer of the evidence excluded at trial, as was the case here. Tuthill, 478 So.2d at 410; Hargis, 451 So.2d at 552-53. In Cason v. Smith, 365 So.2d 1042 (Fla. 3d DCA 1978), for example, the court overlooked the objecting party’s failure to make a proffer because “the trial judge effectively interfered with the plaintiff’s ability to complete any proffer they wished to make.” 365 So.2d at 1043.
We believe that the judge here also effectively cut off state’s ability to make a proffer. In determining that the state elected to stand mute at sentencing, the following exchange took place:
COURT: So you have no standing in this case now. You are standing mute.
*1272 STATE: Okay. He scores twelve to seventeen and I thought that means if I stand mute to his motion—
COURT: Standing mute means keeping your mouth shut.
The effect of the court’s ruling was to prevent the state from saying anything concerning defendant’s sentencing.
We therefore reverse and return the ease to the trial court with instructions to conduct a new sentencing hearing consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL, GUNTHER and FARMER, JJ„ concur.