642 So.2d 136 (1994)
Arthur Herbert DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-2355.
District Court of Appeal of Florida, Third District.
September 14, 1994.
Bennett H. Brummer, Public Defender, and Christina A. Spaulding, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Linda S. Katz, Asst. Atty. Gen., for appellee.
Before NESBITT, GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellant, Arthur Herbert Davis, appeals his conviction and sentence for burglary and grand theft. We affirm the conviction, but reverse and remand for a new sentencing hearing because appellant was not allowed to explain the circumstances of his prior offense.
Turning first to the conviction issue, we find no abuse of discretion in the trial court's denial of appellant's motion for mistrial, after the prosecutor referred to a report which had previously been ruled inadmissible. Appellant's objections were sustained, and there was no improper admission of substantive evidence.
Although the prosecutorial references to the report were improper, there is nothing in the record to suggest that the remarks were fundamentally prejudicial necessitating a mistrial. See Cornelius v. State, 49 So.2d 332 (Fla. 1950); Ballard v. State, 323 So.2d 297 (Fla. 3d DCA 1975). Because the evidence of guilt was overwhelming, any technical error was clearly harmless and thus the conviction under review is affirmed. See State v. DiGuilio 491 So.2d 1129 (Fla. 1986).
Turning now to the sentencing issue, we agree with appellant that the trial court erred in refusing to allow him to explain the *137 circumstances of a prior armed burglary conviction.
Appellant faced sentencing as an habitual violent felony offender under section 775.084(1)(b), Florida Statutes (1993), based on a prior conviction for armed burglary. At the sentencing hearing, the appellant attempted to explain the circumstances surrounding his prior armed burglary conviction. The trial court did not allow appellant to present the circumstances stating that it would not "retry the case." The trial court further stated, "[w]hat he was convicted of is what counts," and asked for appellant's certified convictions. Appellant was then sentenced as an habitual violent felony offender to thirty years imprisonment with a ten year minimum mandatory sentence.
Even though a defendant meets the criteria for sentencing as an habitual violent felony offender, the decision whether to sentence a defendant as such an offender under section 775.084, remains discretionary with the trial court. See Burdick v. State, 594 So.2d 267 (Fla. 1992); Daniels v. State, 634 So.2d 187 (Fla. 3d DCA 1994); Cotton v. State, 588 So.2d 694 (Fla. 3d DCA 1991), approved, 595 So.2d 957 (Fla. 1992). Because of this judicial discretion, Florida Rule of Criminal Procedure, Rule 3.720(b), requires the trial court to allow a defendant to offer any relevant evidence that may mitigate a sentence or deter sentencing as an habitual offender. See Scruggs v. State, 463 So.2d 487 (Fla. 2d DCA 1985); Hargis v. State, 451 So.2d 551 (Fla. 5th DCA 1984); Miller v. State, 435 So.2d 258, 259 (Fla. 3d DCA 1983).
Here, the trial court committed reversible error by refusing to allow the appellant to present the mitigating circumstances of his prior conviction. Fla.R.Crim.P. 3.720(b). See State v. Scott, 439 So.2d 219 (Fla. 1983); Tuthill v. State, 478 So.2d 409 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla. 1986); Hargis, 451 So.2d 551. Accordingly, the case must be remanded for a new sentencing hearing.
Affirmed in part, reversed in part, and remanded for resentencing.