787 So.2d 32 (2001)
Roderick D. DAVENPORT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D00-1017, 2D00-1018.
District Court of Appeal of Florida, Second District.
February 14, 2001.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Roderick D. Davenport challenges his convictions and sentences for two counts of selling cocaine within 1000 feet of a place of worship and two counts of possession of cocaine. We affirm his convictions without discussion. However, we reverse his sentences and remand for a new sentencing hearing.
We reverse Davenport's sentences because the trial court erred in refusing to allow Davenport the opportunity to present evidence and arguments during his sentencing hearing. Florida Rule of Criminal Procedure 3.720(b) provides that at a sentencing hearing, "[t]he court shall entertain submissions and evidence by the parties that are relevant to the sentence." Under this rule, Davenport was entitled to make a statement and present argument to the court. See State v. Scott, 439 So.2d 219 (Fla.1983) (holding that appellee should have been allowed to submit evidence relevant to his sentence); Tuthill v. State, 478 So.2d 409 (Fla. 3d DCA 1985) (ruling that sentence must be reversed where appellant was not given the opportunity to be heard on the question of the severity of the sentence); State v. Hohl, 431 So.2d 707 (Fla. 2d DCA 1983). See also Ventura v. State, 741 So.2d 1187, 1189 (Fla. 3d DCA 1999) ("[T]he opportunity to address the court must be allowed even if the case involves a mandatory sentence."). Therefore, we reverse Davenport's sentences and remand for the trial court to hold a sentencing hearing at which time the parties shall be permitted to submit evidence relevant to the sentence as provided by rule 3.720(b).
Convictions affirmed, sentences reversed and remanded with directions.
THREADGILL, A.C.J., and SILBERMAN, J., concur.