BROWNING, J.
Brian Patrick Colette (Appellant) challenges the denial of his motion to correct sentencing error. See Fla. R.Crim. P. 3.800(b)(1)(B) (stating that motion to correct sentencing error is deemed summarily denied if no order is filed within 60 days from filing of motion). In pertinent part, he contends that the trial court reversibly erred in refusing to grant his request to allow his parents to present mitigating evidence. Because the trial court refused to “entertain submissions and evidence by the parties that are relevant to the sentence,” contrary to Florida Rule of Criminal Procedure 3.720(b), we reverse and remand for further proceedings. See Petrucelli v. State, 855 So.2d 150 (Fla. 2d DCA 2003); Davenport v. State, 787 So.2d 32 (Fla. 2d DCA 2001); State v. Hohl, 431 So.2d 707, 709 (Fla. 2d DCA 1983). If the State requests an opportunity to do so, it should be allowed to present aggravating evidence. See State v. Munson, 604 So.2d 1270 (Fla. 4th DCA 1992). We instruct the trial court on remand also to correct the apparent clerical error involving the signing and attachment of the wrong scoresheet to the judgment/sentence.
REVERSED and REMANDED for further proceedings, with instructions.
WOLF, C.J. and HAWKES, J., concur.