CASANUEVA, Judge.
Clarence Pringle was accused of sexually molesting a young teenage girl while her family and his were on a weekend campout together. He was tried before a jury on two counts: sexual battery on a person twelve years of age or older, a second-degree felony violation of section 794.011(5), Florida Statutes (2006); and lewd and lascivious molestation, a second-degree felony violation of section 800.04(5)(a), Florida Statutes (2006). He was found guilty of both counts, declared a sexual predator, and sentenced to fifteen years’ incarceration on the first count only. He appeals, raising ten issues related to the conviction and two issues relating to the sentence. We affirm the conviction without discussion of the issues relating to it. We reverse the sentence and the sexual predator designation and remand for resentencing.
*674 A new sentencing hearing is required because immediately after the jury returned the guilty verdict, the circuit court proceeded to sentence Mr. Pringle over objection of his counsel who asked for a short continuance. Counsel claimed he and his client were not ready to present mitigation evidence and had not been provided a scoresheet. This was error and requires a new sentencing hearing. See Bennett v. State, 974 So.2d 578 (Fla. 1st DCA 2008) (reversing for a hearing because the circuit court sentenced the defendant without first conducting a hearing as defendant requested); see also Davenport v. State, 787 So.2d 32 (Fla. 2d DCA 2001) (reversing for a new sentencing hearing because defendant was not allowed to present evidence or speak at the prior sentencing hearing, citing State v. Scott, 439 So.2d 219 (Fla.1983)).
As to Mr. Pringle’s designation as a sexual predator, the State concedes that the record is incomplete and does not show whether Mr. Pringle’s predicate offenses qualify him as a sexual predator under section 775.21(4)(a), Florida Statutes (2006). See Castaneda v. State, 922 So.2d 451 (Fla. 2d DCA 2006); Hickey v. State, 915 So.2d 663 (Fla. 2d DCA 2005). Therefore, we vacate the sexual predator designation and remand for resentencing without prejudice to the State to provide evidence that Mr. Pringle has the predicate offenses.
Conviction affirmed, sentence and sexual predator designation reversed, and cause remanded for resentencing.
WHATLEY and LaROSE, JJ., Concur.