PER CURIAM.
 

 Neil Goldberg appeals his sentence imposed upon violation of probation. We reverse and remand for resentencing because we find that the trial court improperly excluded relevant evidence offered by the defendant to rebut testimony by one victim and by the parent of another victim.
 

 In 2008, the defendant was charged with three counts of driving under the influence of prescription drugs and causing an accident with serious bodily injury. He struck three motorcycle riders with his car. There was evidence that the defendant consumed the drugs after the accident. The first officer on the scene testified that the defendant was not impaired. The state, the victims, and the defendant ultimately agreed to a plea of guilty in exchange for a sentence of four years on probation and substantial restitution.
 

 In January 2010, an affidavit of violation of probation was filed against the defendant for smoking marijuana as disclosed by a random drug test. The defendant admitted the violation, and a sentencing
 
 *116
 
 hearing before a different judge followed. The defendant presented expert testimony regarding his efforts to stay drug-free and limited relapse, and also provided testimony and letters of support from members of the community. The state presented the testimony of one of the three victims and of another victim’s father regarding the events of the accident. They accused the defendant of being uncaring, of being callous and of staying in his car after the accident, instead of offering help. Thereafter, the judge adjourned the hearing because he wanted to allocate more time to the case.
 

 When the hearing was reconvened, nineteen days later, the defendant sought to rebut the testimony the state had introduced. He requested that the court view the five-minute videotape of the accident scene filmed by the first patrol car that arrived on the scene, because the defendant said it would show both remorse and his efforts to give immediate aid to the victims. He offered (and later proffered) the videotape to rebut the state’s testimony that he was not remorseful and had not offered help. The state objected. It argued that it would be improper for the court to consider the defendant’s evidence because the underlying case was closed. The court did not allow the defendant to present any further evidence. The court sentenced defendant to 11.75 years in prison on each count, to be served concurrently. This appeal followed.
 

 We hold that the court improperly denied the defendant the opportunity to rebut the state’s evidence. Florida Rule of Criminal Procedure 3.720(b) provides that “[t]he court shall entertain submissions and evidence by the parties that are relevant to the sentence.” (Emphasis provided). Here, as in
 
 Hargis v. State,
 
 451 So.2d 551 (Fla. 5th DCA 1984), “the case must be remanded for a sentencing hearing and resentencing.”
 
 Id.
 
 at 552 (citing
 
 Miller v. State,
 
 435 So.2d 258 (Fla. 3d DCA 1983)). The sentencing judge was new to the case and not familiar with the facts. The court considered evidence from the state and victims regarding the accident and the defendant’s alleged lack of remorse at the accident scene. Particularly before a new judge, the defendant was entitled to present evidence on these points to rebut the picture the state had drawn.
 

 On remand, the defendant shall be permitted to present the proffered evidence.
 

 Reversed and remanded.