NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DAVID HODIERNE,                          )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D13-3995
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
                                         )
_____  )

Opinion filed July 9, 2014.

Appeal from the Circuit Court for Pasco
County; William R. Webb, Judge.

Howard L. Dimmig, II, Public Defender, and
Dan Hallenberg, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Timothy A. Freeland,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

            David Hodierne challenges his judgment and sentence for home invasion

robbery with a deadly weapon while wearing a mask. We affirm the judgment without

comment. However, because Hodierne was denied the opportunity to give his full

statement to the court before he was sentenced, we reverse his sentence and remand for a new sentencing hearing.

Florida Rule of Criminal Procedure 3.720(b) provides that the sentencing court "shall entertain submissions and evidence by the parties that are relevant to the sentence." The language of the rule is mandatory, Culberston v. State, 306 So. 2d 142, 143 (Fla. 2d DCA 1975) (citing Mask v. State, 289 So. 2d 385, 387 (Fla. 1973)), and "[u]nder this rule, [the defendant is] entitled to make a statement and present argument to the court," Davenport v. State, 787 So. 2d 32, 32 (Fla. 2d DCA 2001).

At his sentencing hearing, Hodierne was permitted to begin reading a prepared statement to the court. However, in an attempt to abbreviate the sentencing hearing and apparently return to a trial, the court prevented Hodierne from reading his entire statement and instead instructed that the written statement be entered into evidence. The court immediately proceeded to sentence Hodierne to the maximum term, life in prison. It is apparent from the record that the court did not consider the entirety of Hodierne's statement; this was error. See Goldberg v. State, 65 So. 3d 115, 116 (Fla. 3d DCA 2011) (reversing and remanding for resentencing where the trial court improperly denied the defendant his rule 3.720 right to submit evidence when it refused to allow the defendant to present rebuttal evidence at the continuation of the sentencing hearing and sentenced defendant without consideration of the additional evidence).

And contrary to the State's contention, it is not the legality of Hodierne's sentence that is at issue; rather, it is due process and "[r]especting the right of the defendant to address the court [which] 'maximiz[es] the perceived equity of the process.'

" Ventura v. State, 741 So. 2d 1187, 1189 (Fla. 3d DCA 1999) (third alteration in original) (quoting Standards for Criminal Justice § 18-5.17 cmt. at 208 (3d ed. 1994)).

Therefore, we reverse Hodierne's sentence and remand for the trial court to hold a sentencing hearing at which Hodierne shall be permitted to present the entirety of his statement and any other evidence or submission relevant to the sentence, as provided by rule 3.720(b).

Conviction affirmed; sentence reversed and remanded with directions.

KHOUZAM, J., and BAUMANN, HERBERT J., JR., ASSOCIATE JUDGE, Concur.