# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2771

_____

CHRISTOPHER RAY SMITH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

February 27, 2019

B.L. THOMAS, C.J.

Appellant challenges his probation revocation, arguing that that the violation affidavit was insufficient, and that he was denied an opportunity to be heard before his sentence was imposed. We affirm the trial court's decision to revoke Appellant's probation, but we vacate the sentence imposed at the violation of probation hearing and remand for resentencing by a new judge.

*Background*

In 2013, Appellant was charged by information with aggravated child abuse. Pursuant to a plea agreement, Appellant was sentenced to 36 months of probation. In 2016, the State alleged that Appellant had violated Condition Five of his probation by committing two counts of "Sexual Assault." The accompanying

violation report listed the underlying offenses as "Eighteen (18) YOA or Older Sexual Battery on a Victim Under Twelve (12) YOA." The violation report alleged that Appellant placed his fingers inside of the child victim, who was five to six years old at the time of the alleged incidents. The violation report alleged that the victim was hurt and yelled for Appellant to stop.

At the jury trial for Appellant's sexual battery offenses, the victim's mother and grandmother testified that Appellant, who was married to but separated from the child's mother, had raised the child victim since her birth. They testified that one night, the victim told them that her "daddy" had been touching her when she would go stay with him. The victim's grandmother testified that the victim told her that the touching hurt, and that she would yell for it to stop. The child's mother admitted that the doctors found no evidence of physical injury when they immediately took her for a medical examination. The State played a recording of the victim being interviewed by a case coordinator from the Department of Health. On the tape, the child victim described Appellant pulling down her underwear at night and putting his hands on the outside and inside of her skin. The child victim took the stand and testified that Appellant had repeatedly touched her private parts with his tongue and his finger; she testified that his finger went "almost inside."

After the close of the evidence at trial, while the jury was deliberating, the trial court conducted an evidentiary hearing on the charged probation violation. After closing argument and jury instructions, the trial court asked the State if any other evidence would be presented on the probation violation, and the State replied, "Nothing extra, Judge." The trial court then revoked Appellant's probation and sentenced him to five years in prison. The trial court told Appellant: "And I did not give your attorney any chance for input because of the nature of the charge, it's very serious. So I'm just giving you the maximum which is five years." Defense counsel raised no contemporaneous objections at the probation-violation hearing.

After an initial deadlock, the jury found Appellant not guilty of the charged sexual batteries. The jury attached a note stating

that it was the consensus of the jury that Appellant had done some illegal act, but that the evidence did not prove the specific act.

After the jury trial, the trial court entered a second amended order of revocation of probation, stating that it found Appellant guilty of violating Condition Five of his probation, based on the charges alleged in the amended affidavit.[1]

*Sufficiency of the Amended Violation of Probation Affidavit*

"A trial court fundamentally errs by revoking probation on grounds not alleged in the violation of probation affidavit." *McCloud v. State*, 249 So. 3d 739, 741 (Fla. 1st DCA 2018). However, a revocation of probation hearing "is not required to assume the full proportions of a criminal trial. The authorities are in accord on the proposition that the revocation hearing may be informal." *State ex rel. Roberts v. Cochran*, 140 So. 2d 597, 599 (Fla. 1962). Likewise, "formal conviction of a crime is not essential to enable the judge to revoke the order of probation." *Id.* (noting that a judge conducting such a hearing is only required "to determine whether in his own mind a law had been violated").

In *Hines v. State*, 358 So. 2d 183, 184 (Fla. 1978), a probation-violation affidavit alleged that the probationer violated the conditions of his probation when he was "arrested by Sarasota Deputy B. Blosser for burglary[.]" The affidavit provided no further details of the offense. *Id.* The supreme court held that "an affidavit upon which a permanent revocation of probation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence." *Id.* at 185. However, although "the written factual allegations in the affidavit for violation of probation were insufficient to provide notice to the probationer with what criminal act he was charged[,]" the supreme

---

[1] The first amended revocation order declared that Appellant had violated more than one condition of his probation. The second amended order stated that Appellant was found guilty only of violating Condition Five, for committing the crimes described in the amended affidavit; he was exonerated as to the other alleged probation violations.

3

court held that this error was harmless, for the record showed that the probationer clearly had notice of the charges against him. *Id.*

Here, the amended affidavit, which the trial court relied upon as the basis for revoking Appellant's probation, stated that Appellant twice violated Condition Five of his probation "by being arrested for . . . Sexual Assault . . . ." Appellant argues that because there is no such crime of "sexual assault" defined in the Florida Statutes, the trial court fundamentally erred by revoking probation based on non-existent crimes.

Appellant is correct that there is no crime of sexual assault defined in the Florida Statutes. Although the amended affidavit stated the basic nature of the offenses (sexual assaults), the time ("between the dates of April 20, 2015 and April 24, 2016"), and the place ("Escambia County, Florida"), the affidavit itself did not allege any details of the sexual batteries, nor did it state which statutory provisions were allegedly violated.

However, despite any purported deficiencies of the amended affidavit, Appellant, like the probationer in *Hines*, was clearly on notice of the crimes for which he was arrested and charged. The violation report that accompanied the amended affidavit referred to the underlying offenses as "Two (2) counts of Sexual Assault by an Eighteen (18) YOA or Older Sexual Battery on a Victim Under Twelve (12) YOA.'" The report described the acts in detail and stated the dates of the offenses and arrest.

Moreover, before opening statements at Appellant's sexual battery trial (which concluded with Appellant's violation of probation hearing), the trial court stated that "[t]he defendant is charged with two counts of sexual battery, victim less than 12 years and defendant over 18 years." The trial court repeated this description of the charged offenses at the beginning of jury instructions. At the same trial, the parties argued at sidebar about how to conduct the violation of probation hearing; defense counsel argued for the hearing to be held after the verdict on Appellant's sexual battery charges. Defense counsel never asserted during the trial or at the violation of probation hearing that Appellant had insufficient notice of what crimes constituted the alleged violations, and never moved for a more definite statement of particulars. *See* Fla. R. Crim. P. 3.140(n).

Because the sexual battery charges were described on the violation report and at trial, the record shows that Appellant was on notice of the charged offenses underlying his probation violation charges. Accordingly, Appellant's due process rights were not violated.

*The Trial Court's Refusal to Allow Defense Counsel to Be Heard Before Imposing the Sentence*

A trial court's refusal to hear evidence and argument regarding a sentence constitutes a denial of due process and is fundamental error. *Davenport v. State*, 787 So. 2d 32, 32 (Fla. 2d DCA 2001); *Ventura v. State*, 741 So. 2d 1187, 1189 (Fla. 3d DCA 1999); *see also Colette v. State*, 881 So. 2d 41, 42 (Fla. 1st DCA 2004) ("Because the trial court refused to 'entertain submissions and evidence by the parties that are relevant to the sentence' . . . , we reverse and remand for further proceedings.") (quoting *Petrucelli v. State*, 855 So. 2d 150, 154 (Fla. 2d DCA 2003)).

The State concedes that Appellant was denied an opportunity to be heard prior to imposition of his sentence, and that Appellant's sentence must be vacated and this case remanded for resentencing. The State argues only that the same trial judge should be permitted to conduct the sentencing hearing on remand. However, the cases upon which the State relies did not involve a stated intention to deny the defense an opportunity to be heard. *See Collette*, 881 So. 2d at 42; *Davenport*, 787 So. 2d at 32. By telling Appellant that defense counsel was intentionally denied any input and that the sentence was determined solely on the nature of the charged offense, the trial court indicated a determination to impose the maximum sentence before hearing arguments. *See Thompson v. State*, 990 So. 2d 482, 490 (Fla. 2008) ("judicial comments revealing a determination to rule a particular way prior to hearing any evidence or argument have been found to be sufficient grounds for disqualification."). Because the trial court clearly stated its determination to impose the given sentence in the absence of argument, we vacate Appellant's sentence based on the violation of probation, and remand for resentencing before a different judge. The successor sentencing judge may rely on the record of Appellant's criminal trial. *See Davis v. State*, 227 So. 3d 137, 140 (Fla. 4th DCA 2017) (reversing and remanding where the

5

successor judge "intentionally decided it was not going to evaluate the same evidence submitted at trial and the initial sentencing hearing, together with the new evidence").

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

BILBREY and JAY, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Andy Thomas, Public Defender, Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, Robert Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.