# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D20-589
_____

STANLEY TYRON HARRIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

September 22, 2021

M.K. THOMAS, J.

Stanley Harris (Appellant) pleaded guilty to one count of third-degree murder and one count of discharging a firearm from a vehicle with a negotiated sentence of twenty-five years in state prison—an agreement which he now would like withdrawn. Appellant raises two issues: 1) that the trial court erred by denying his motion to withdraw the plea agreement prior to the sentencing pursuant to Florida Rule of Criminal Procedure 3.170; and 2) the sentencing procedures ultimately employed by the trial court were improper. Finding no error, we affirm.

Appellant's case springs from the tragic shooting of a seven-year-old girl (the Victim) as she sat in her parents' car in a shopping center parking lot. Appellant was at the shopping center participating in a gun sale—the sale was to be conducted by an

associate of Appellant at one location in the parking lot, and Appellant's role was to provide protection from a car in another location in the lot. The sale apparently went south when the anticipated buyers instead robbed Appellant's associate, and the crossfire which followed inadvertently struck the Victim in the head, killing her.

Appellant entered a plea, and a plea hearing followed. The parties agreed that the plea would be entered at the hearing, but the sentencing would be postponed for two months so that Appellant and all co-defendants could be sentenced at the same hearing. At the plea hearing, the trial court engaged Appellant in a plea colloquy during which Appellant confirmed that he had sufficient opportunity to confer with counsel and that he was satisfied with her representation. Appellant also confirmed that he was pleading guilty based on a belief that doing so was in his best interest, and the court found that Appellant appeared "coherent and cognizant of what's going on." As a factual basis for the plea, the State offered that it would show that Appellant fired eleven shots toward the buyers as they walked away from the scene, and that one of these shots passed the intended targets and struck and killed the Victim, who was sitting behind the buyers relative to Appellant. The trial court then asked whether the State was "able to determine who actually fired the fatal shot." The prosecutor answered as follows:

> Your honor, based upon a trajectory analysis, it—the State believes that we could prove beyond a reasonable doubt that [Appellant's] weapon was the weapon that fired the fatal shot; however, [one of the buyers] had a nine-millimeter Glock handgun as well and discharged that two times during the course of the incident back at [Appellant].
>
> Based upon the damage to the bullet travelling through the car and then striking the Victim, no definitive and absolute determination of the ballistics could be made. However . . . there was evidence both by the firearms examiner and then . . . the entire incident was captured on videotape and we can see the shots being fired and the result. And so based upon that the State

believes we can prove beyond a reasonable doubt that it was [Appellant's] bullet that struck that little girl in the head and killed her.

The trial court again confirmed that Appellant understood the issues surrounding the agreement and the plea form and accepted the agreement as freely and voluntarily entered. Nonetheless, Appellant later filed a motion to withdraw the plea prior to the sentencing hearing. As grounds for the withdrawal, Appellant argued that: 1) he had misunderstood one of the pieces of evidence; 2) that he had been misled by the prosecutor's statement in reading the factual basis that a "trajectory analysis" would confirm Appellant was the killer (as it was the defense's understanding prior to the plea that the State had no such analysis, per the State's expert's contention that no ballistics report could be done under the circumstances); and 3) that he had directed a previously retained expert to do further trajectory analysis which confirmed that Appellant could not have killed the Victim.

At the hearing, Appellant explained that he misunderstood his attorney's explanation of the bullet evidence as showing that eleven *projectiles* associated with him had been found in the Victim's car, but this was never the case. Instead, the evidence showed that eleven *casings* had been found where Appellant had been standing on video. He testified that this misapprehension had influenced him to enter the plea, that the State's mention of a previously unknown trajectory analysis also "scared" him, and that his newly obtained trajectory analysis also compelled him to withdraw the plea.

Despite these contentions by Appellant on direct examination, he acknowledged on cross examination that he signed and conveyed the offer to the State prior to the hearing taking place and prior to any factual basis statement being made. He further admitted that he agreed to the plea based on a belief that it was in his best interest to do so and acknowledged having discussed with his attorney the State's intent to amend the information against him to charge him with a higher degree charge of felony murder. But, he denied that this was the compelling factor influencing him to plead guilty, instead contending that it was the projectile versus casing confusion which did so. Notably, Appellant further

3

acknowledged that his expert had already concluded prior to the hearing that he was not the one who actually shot the Victim, and that the additional analysis only added support to that conclusion.

The trial court denied Appellant's request to withdraw the plea, finding Appellant's testimony that he was mistaken about the evidence was not credible. Furthermore, the case presented a classic example of "buyer's remorse." The trial court further found that no new evidence had been presented which was not known to Appellant at the time of the plea and that no evidence raised a substantial question as to Appellant's guilt so as to require the court to allow the withdrawal of the plea.

At sentencing, Appellant presented mitigating witnesses. As part of his presentation, Appellant attempted to have his defense expert testify to his finding that a bullet from Appellant's gun did not strike and kill the Victim. But the trial court denied the opportunity after finding that the testimony was not relevant to the negotiated sentence, since the court had no discretion to deviate from the sentence regardless of the evidence on the point. Appellant was then sentenced to twenty-five years consistent with his plea agreement. This appeal followed.

*I.*

Appellant's first issue contends that the trial court erred in denying Appellant's motion to withdraw the plea. When a motion to withdraw a plea is made prior to sentencing, Florida Rule of Criminal Procedure 3.170 provides the guidelines for the trial court's consideration of the request. *See Scott v. State*, 629 So. 2d 888, 890 (Fla. 4th DCA 1993) (noting "the Florida Rules of Criminal Procedure provide guidelines for withdrawing a plea *before* sentencing" (emphasis in original)). Rule 3.170 provides as follows:

> The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty or no contest

4

of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty or no contest. The fact that a defendant may have entered a plea of guilty or no contest and later withdrawn the plea may not be used against the defendant in a trial of that cause.

Fla. R. Crim. P. 3.170(f) (2019).

Only where a defendant shows that there is "good cause" to withdraw a plea is a trial court *required* to grant such a presentence motion. *Tanzi v. State*, 964 So. 2d 106, 113–14 (Fla. 2007). Whether good cause was demonstrated is a determination within the discretion of the trial court, and the trial court's findings in this regard must be affirmed where they are supported by competent, substantial evidence. *Id.* at 114. As always, appellate courts must recognize and honor "the trial court's superior vantage point in assessing the credibility of witnesses and in making findings of fact." *Id.* (quoting *Stephens v. State*, 748 So. 2d 1028, 1034 (Fla. 1999)).

On appeal of a denial of a presentence motion to withdraw plea, the applicable standard is whether the trial court abused its discretion in failing to find good cause. *See id.* at 113. A court abuses its discretion when no reasonable person would take the position of the trial court on a matter, considering any findings which are supported in the record. *Salazar v. State*, 991 So. 2d 364, 372 (Fla. 2008).

Here, the findings must be affirmed, as all are supported by competent, substantial evidence in the record. The trial court's determination that Appellant's testimony was not credible is a reasonable conclusion based on the record testimony. Appellant's contention that his confusion regarding ballistics evidence was the deciding factor in his decision to plea—rather than the higher-degree-charge of felony murder which he acknowledged avoiding by virtue of his plea—stretches credulity. And his contention that he was mistaken is inconsistent with his previous confirmation that he had sufficient opportunity to confer with counsel. Considering that Appellant's contention of a mistake was not credible, the trial court did not abuse its discretion in finding no

5

good cause based on Appellant's supposed misapprehension of the evidence.

Appellant also argues that the prosecutor's misstatement during the factual basis that a "trajectory analysis" would show that he killed the Victim also influenced his decision to plea, but this is nonsensical considering Appellant's acknowledgement that he agreed to the plea prior to any statement being made. Appellant further contends that the trial court should have found good cause based on the "newly discovered evidence" of the defense expert's trajectory analysis. But, as the trial court found, the expert's conclusion that Appellant did not kill the Victim was *already known* to Appellant when he decided to plead guilty to third-degree murder. Further, even if the evidence speaks to Appellant's innocence on one element of the third-degree murder charge to which Appellant pleaded, it *does not* speak to Appellant's innocence on the higher felony murder charge that he bargained out of, since that charge *does not* require that a defendant actually cause the death of a victim. *See* § 782.04(3)(*o*), Fla. Stat. (2018) (providing that it is second degree murder—a first degree felony, punishable by life—where a person *other than the person engaged in* one of the listed felonies kills any human being during the course of said felony).

Because the trial court did not abuse its discretion, we affirm the trial court's denial of Appellant's presentence motion to withdraw his plea pursuant to rule 3.170.

*II.*

Appellant's second argument is that the trial court erred during sentencing by declining to allow the presentation of the defense expert's testimony on the actual-cause-of-death question. Initially, we note that Appellant implies that the remedy for such an error would be reversal of the trial court's denial of his motion to withdraw the plea. This is incorrect, and the remedy for a such a sentencing error would be reversal for resentencing. *See Hutto v. State*, 232 So. 3d 528, 529 (Fla. 1st DCA 2017) ("A new sentencing hearing should be granted if a defendant has not been given an opportunity to be heard."). Regardless, we must affirm the sentencing done because sufficient process was afforded and

6

because the court reasonably concluded that the testimony was irrelevant to sentencing.

"Florida Rule of Criminal Procedure 3.720(b) provides that the sentencing court 'shall entertain submissions and evidence by the parties that are relevant to the sentence.'" *Hodierne v. State*, 141 So. 3d 1254, 1255 (Fla. 2d DCA 2014) (quoting Fla. R. Crim. P. 3.720(b)). Thus, a sentencing court is required to entertain certain submissions and evidence, but only if they are relevant to the sentence. Put differently, a court is *not* required to entertain submissions which it reasonably determines are *not* relevant.[*]

We affirm, as the trial court's conclusion that the evidence was not relevant is reasonable. Further, as the court noted, it had no discretion to deviate from the agreed-upon term. That said, the evidence was not relevant to the issues being addressed during the sentencing hearing; thus, the trial court did not abuse its discretion in declining to hear the evidence.

The foregoing considered, the judgment and sentence of the trial court is AFFIRMED.

B.L. THOMAS and OSTERHAUS, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

[*] Appellant implies that his second issue involves insufficient due process. But this is not an instance where a defendant was denied the opportunity of allocution or to present mitigating evidence. Instead, the question is whether the trial court erred in limiting Appellant's presentation of evidence based on its determination that the evidence sought was not relevant to the sentencing. This is a question of discretion on the part of the trial court, as explained above.

7

Lynn W. Martin of the Law Offices of Lynn W. Martin, P.A., Ponte Vedra Beach, for Appellant.

Ashley Moody, Attorney General, and Robert "Charlie" Lee, Assistant Attorney General, Tallahassee, for Appellee.