# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-3256
Lower Tribunal No. 21-001610OF

_____

VALDIMIR MORROBEL,

Appellant

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Charlotte County.
Shannon H. McFee, Judge.

March 27, 2026

NARDELLA, J.

Appellant, Valdimir Morrobel, who pled guilty to all charges he faced, appeals his convictions for trafficking in cocaine, two counts of trafficking in illegal drugs, possession of cannabis, four counts of possession of a controlled substance, possession of paraphernalia, and resisting an officer without violence. His sole argument on appeal is that he is entitled to a new sentencing hearing because he was not permitted to present his full statement and presentation of mitigating evidence

prior to the imposition of his sentence. We begin with this Court's authority to review the issue presented in this appeal.

Because Appellant entered a guilty plea to all charges, this Court is only authorized to review a limited class of appealable issues found in Florida Rule of Appellate Procedure 9.140(b)(2)(A). The question then is whether the issue raised here falls within this limited class. Appellant contends, without much explanation, that the Court has authority to consider this appeal pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)e. The State takes the opposite stance, arguing that none of the provisions of rule 9.140(b)(2)(A)(ii) apply. And, like Appellant, the State provides little explanation why that is so, especially as it pertains to subsection e. Fortunately, in *Emerson v. State*, 412 So. 3d 917 (Fla. 1st DCA 2025), Judge Winokur and then-Judge, now Justice, Tanenbaum set forth two thoughtful and well-supported differing views, which eases our task considerably. After much deliberation, we find ourselves in agreement with Judge Tanenbaum's concurrence in *Emerson*. Therefore, we certify conflict with *Emerson*, noting in doing so that the Florida Supreme Court has already remedied this controversy for future appeals.[1]

---

[1] Effective June 1, 2026, Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii) is amended to add "an error in the sentencing process, if

2

In *Emerson*, Judge Tanenbaum reasoned, in short, that in light of the constitutional protection of the right to appeal in article V, section 4(b) of the Florida Constitution, subsection e of Rule 9.140(b)(2)(A)(ii), allowing appeals "as otherwise provided by law," is broad enough to encompass a direct appeal alleging an error in the sentencing process, provided the error "is properly preserved, as context dictates," and the right to appeal has not been otherwise waived or forfeited. Agreeing with his more fully articulated position in *Emerson* as to the breadth of subsection e, this Court finds authority to review errors in the sentencing process, as alleged here, but only when such errors are properly preserved. Nevertheless, because Appellant has failed to demonstrate error, we affirm.

Appellant asserts that his due process rights were violated when the trial court interrupted him while he was testifying and presenting mitigating evidence. He argues that he was entitled to give his statement in full and that the failure to allow him to do so is reversible error as outlined in *Hodierne v. State*, 141 So. 3d 1254 (Fla. 2d DCA 2014). Appellant additionally asserts that his testimony was relevant to support mitigation as to the potential sentence he could receive even though no

---

preserved" to the list of appeals a criminal defendant may take following a guilty or no contest plea.

downward departure was available nor a motion for substantial assistance in play. We disagree.

Florida Rule of Criminal Procedure 3.720(b) mandates a court to "entertain submissions and evidence by the parties that are relevant to the sentence." Each of our sister courts agree that reversal for a new sentencing hearing is required if a defendant is not given an opportunity to be heard. *See, e.g.*, *Hutto v. State*, 232 So. 3d 528, 529 (Fla. 1st DCA 2017) ("A new sentencing hearing should be granted if a defendant has not been given an opportunity to be heard."); *Davenport v. State*, 787 So. 2d 32, 32 (Fla. 2d DCA 2001) ("We reverse Davenport's sentences because the trial court erred in refusing to allow Davenport the opportunity to present evidence and arguments during his sentencing hearing."); *Miller v. State*, 435 So. 2d 258, 261 (Fla. 3d DCA 1983) ("If a trial court refuses to allow a defendant to present matters in mitigation, the cause must be remanded for a sentencing hearing and resentencing."); *Serna v. State*, 264 So. 3d 999, 1001 (Fla. 4th DCA 2019) ("Florida Rule of Criminal Procedure 3.720(b) requires the court to entertain submissions and evidence by the parties that are relevant to sentencing. Failure to comply with this rule is reversible error."); *Hargis v. State*, 451 So. 2d 551, 552 (Fla. 5th DCA 1984) ("If the trial court refuses to allow a defendant to present matters in mitigation, the case must be remanded for a sentencing hearing and resentencing.").

Although the courts agree that the outright refusal to allow a defendant to present matters in mitigation is reversible error, there appears to be some disagreement over how much of a defendant's presentation a court is required to entertain. For example, in *Hodierne*, the Second District reversed and remanded for a new sentencing hearing where the trial court allowed the defendant to begin reading a prepared statement but did not allow the defendant to read the full statement. 141 So. 3d at 1255. The First District affirmed, however, as harmless error, where a court reluctantly heard some evidence but declined to hear other evidence. *Barry v. State*, 330 So. 2d 512, 513 (Fla. 1st DCA 1976). But we need not settle that dispute in this case because the evidence that the defendant attempted to introduce in this case was not within the scope of rule 3.720(b). Appellant's testimony was not relevant to his sentence.

Although Appellant argues on appeal that there was relevance to the overall sentence, the sole purpose for his submission of argument and testimony to the trial court was to appeal to the State to move for a downward departure based on substantial compliance, not to present to the court evidence of mitigation relevant to his sentence. This evidence was irrelevant to the sentence because the only way to achieve the intended goal was if the State moved for departure based on substantial assistance in accordance with section 893.135(4), Florida Statutes. The State made

clear, however, and defense counsel acknowledged, that there was no intent on the part of the State to make a motion. Yet, despite the lack of relevance to the actual potential sentence at issue, the court still entertained the submission of argument and evidence, including allowing Appellant to testify for about thirty minutes uninterrupted regarding his substantial assistance to the State. We find no error on the part of the court for later requiring Appellant to wrap up his testimony, which appears to have been coming to a natural conclusion and was never relevant in the first place.

AFFIRMED.

MIZE and GANNAM, JJ., concur.

Spencer Cordell, of Law Office of Spencer Cordell, Fort Myers, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Christopher Manon, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED