GUNTHER, Judge.
The defendants appeal their orders of sentence. These orders were entered by the trial court following sentencing hearings held nearly a year and a half after the defendants had each pled guilty to one count of trafficking in cocaine. We reverse.
At the sentencing hearings, the state recommended a three-year minimum mandatory sentence and a waiver of the statutory fine because the defendants had rendered substantial assistance to the police. In addition, the defendants wanted to present other evidence in further mitigation of their sentence. Specifically, the defendants wanted the two police officers to whom the defendants had rendered their assistance to be permitted to testify and to recommend probation for the defendants in recognition of their very substantial assistance. The trial court would not allow these police officers to testify, and instead, imposed the state’s recommendation of a three-year minimum mandatory sentence and waiver of the fine.
We find that the trial judge erroneously precluded the defendants from presenting any evidence in mitigation of sentence as is required by Florida Rule of Criminal Procedure 3.720(b). State v. Hohl, 431 So.2d 707, 709 (Fla. 2d DCA 1983).
The defendants’ contentions that the judge is biased and that they are entitled to be resentenced by another judge are without merit. Therefore, we reverse and remand for resentencing.
REVERSED AND REMANDED.
WALDEN and STONE, JJ., concur.