741 So.2d 1187 (1999)
Ernesto VENTURA, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2061.
District Court of Appeal of Florida, Third District.
September 22, 1999.
*1188 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
COPE, J.
Defendant-appellant Ernesto Ventura appeals the sentence imposed after he failed to comply with certain provisions of his plea agreement. We reverse.
In July 1997 defendant entered into a substantial assistance plea under which, if he failed to appear for sentencing, he would be subject to a 60-year habitual offender sentence. Defendant was represented by privately-retained counsel, George Garcia. Defendant did not appear and a capias warrant was issued for his arrest. Defendant was subsequently arrested and a sentencing hearing was held in June 1998.
At the sentencing hearing, Mr. Garcia stated only that he had not been in contact with defendant since the July 1997 hearing on the substantial assistance agreement. Mr. Garcia did not offer any statement or evidence on behalf of defendant. Defendant then told the court that he had retained new counsel Sy Gaer, to attend the hearing and speak on his behalf. Because Mr. Gaer had not filed an appearance on behalf of defendant and was not present in the courtroom, the trial court refused to postpone the proceedings and imposed sentence. The court said it would make no difference in any event because the court interpreted the substantial assistance agreement to call for a 60-year sentence, regardless of the circumstances. Defendant asked the court for the opportunity to speak. The court refused that request as well. Defendant was sentenced to the 60-year habitual offender sentence and has appealed. We now reverse.
First, when defendant informed the trial court that he had retained new counsel, the court should have recessed the sentencing hearing to verify the retention and, if true, allowed new counsel to appear and be heard.
*1189 Second, under Florida Rule of Criminal Procedure 3.720(b), before imposing sentence the trial court is required to "entertain submissions and evidence by the parties that are relevant to the sentence." Under the rule, defendant was entitled to make a statement to the court. See Culbertson v. State, 306 So.2d 142, 143 (Fla. 2d DCA 1975). As we view the matter, the opportunity to address the court must be allowed even if the case involves a mandatory sentence. Respecting the right of the defendant to address the court "maximiz[es] the perceived equity of the process...." American Bar Association Standards for Criminal Justice § 18-5.17 commentary at 208 (3d ed.1994). Where the court refuses to hear a statement by the defendant, the case must be remanded for a new sentencing hearing. See Davis v. State, 642 So.2d 136, 137 (Fla. 3d DCA 1994); Hargis v. State, 451 So.2d 551, 552 (Fla. 5th DCA 1984).
On remand the parties should address the question whether the relevant part of the substantial assistance agreement in this case called for a mandatory 60-year term as a habitual offender, or whether the substantial assistance agreement gave the court discretion over the length of sentence. As summarized in the transcript, a failure to appear for sentencing would make the defendant "subject to" such a 60-year habitual offender sentence. The question is whether "subject to" allows the court discretion over sentence length.
Reversed and remanded for a new sentencing hearing.