KLEIN, J.
Appellant moved to withdraw his plea within thirty days of sentencing, alleging that his plea colloquy did not comply with Florida Rule of Criminal Procedure 3.172(c). The trial court denied the motion because the court found, based on the testimony of counsel representing appellant at the time of the plea, that there was no prejudice. We affirm.
The charges against appellant, which arose out of an accident, were DUI enhanced due to serious bodily injury and leaving the scene of an accident involving injury. At the time appellant was on probation imposed in 1988 for drug trafficking. On the day the case was set for trial, after being continued several times, counsel for both sides advised the court that they thought the ease could be resolved without a trial. After a one hour adjournment for the parties to discuss a plea, appellant was sworn, and a brief colloquy occurred, in which appellant acknowledged his understanding of the charges, his right to a trial, and that his counsel had fully explained everything to him.
The state then recited a factual basis for the charges as well as the probation violation case, and the court advised the parties that before sentencing it would hear evidence at an allocution[1] hearing. In response to an inquiry by the court, appellant acknowledged the factual basis for both the charges and the probation violation, and that he was entering his plea freely and voluntarily. The court did not go through all of the formalities of rule 3.172(c), which the rule states that a trial court “should” do, in order to ensure that a plea is voluntary.
*484 At the allocution hearing, at which appellant was present, appellant’s counsel pointed out that the state, the appellant, appellant’s family, law enforcement personnel, and the victim all had agreed that appellant should be sentenced to either 364 days in jail or 366 days in prison, followed by four years probation with conditions. Counsel suggested that the court defer to the agreement, but recognized that the court was not bound by it.
The court imposed the sentence recommended by the pre-sentence investigation report, six years incarceration on the new charges and three and a half years on the probation violation, to be concurrent. No objection was raised.
Thirty days after sentencing, appellant, represented by new counsel, moved to withdraw his plea, asserting that he was not affirmatively informed that he had a right to plead not guilty, to compel attendance of witnesses, to confront and cross-examine witness against him, and to avoid self-incrimination. Appellant further claimed that he had an express plea agreement with the state that induced him to enter the plea which was violated when his sentence was inconsistent with the agreement. In addition, appellant claimed that he was not aware that he had the right to withdraw his plea when the court departed from the agreed sentencing recommendation, nor was he aware of any mandatory minimum or the maximum possible sentence. Finally, he asserted that neither discussions with counsel nor the signing of a plea form were sufficient to evidence a knowing and voluntary plea.
The authority for the motion was rule 3.170(ü), which provides:
Motion to Withdraw the Plea After Sentencing. A defendant who pleads guilty or nolo contendré without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140 (b) (2) (B) (i)-(v).
The ground of the motion, that the plea was involuntary, is a ground specified in Florida Rule of Appellate Procedure 9.140(b)(2)(B)(iii). Unlike a motion for post-conviction relief filed pursuant to rule 3.850, there is no requirement in rule 3.170(i) that the motion be under oath, and this motion was not.
At the evidentiary hearing on appellant’s motion, he put on no evidence. Appellant’s position was that his motion was based entirely on the record of the plea colloquy and the fact that it did not comply with the requirements of rule 3.172(c).
The state called appellant’s former counsel, attorney Phillip Carlton, who had represented defendant at the plea conference. Carlton, an experienced criminal defense lawyer, testified that he had advised appellant “of the possible extent of sentence that could be imposed.” He also explained that he had provided appellant with the permitted and recommended sentences contained in the presentence investigation report. The appellant and Carlton had also signed a plea sheet, which outlined the rights that the appellant was giving up by entering his guilty pleas, on the day of the plea conference, and the sheet was admitted in evidence. Appellant did not put on any rebuttal evidence.[2]
*485 Rule 3.172(e) provides that a “trial judge should, when determining voluntariness, place the defendant under oath” and determine that the defendant understands all of the elements which make a plea voluntary. Rule 3.172(i), however, provides that:
Failure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice.
When a defendant files a motion for post-conviction relief pursuant to rule 3.850, the burden is on the defendant to establish a “prima facie case based upon a legally valid claim.” Freeman v. State, 761 So.2d 1055 (Fla.2000). If the burden is on the defendant who files a sworn motion under rule 3.850, it follows that the burden is also on a defendant filing an unsworn motion to withdraw a plea under rule 3.170(i)- In this case, accordingly, the burden was on appellant to establish the prejudice required by rule 3.172(f). State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995)(a plea will not be vacated after sentencing on the basis of the violation of a rule of procedure, such as rule 3.172, unless the defendant can show prejudice or manifest injustice).
In the present case, appellant demonstrated only that his plea colloquy did not comply with the requirements a trial judge “should” follow under rule 3.172(c). Appellant had the burden, however, of also establishing prejudice, i.e., that his plea was involuntary which resulted in manifest injustice. Williams v. State, 316 So.2d 267, 273 (Fla.1975)(timely motion to withdraw plea after sentencing should be granted when “necessary to correct a manifest injustice”). We accordingly affirm.
POLEN and SHAHOOD, JJ., concur.

. An allocution hearing has been defined as an opportunity for the defendant to make an unsworn statement to mitigate the sentence or for a crime victim to make a statement relevant to sentencing. Black’s Law Dictionary 75 (7th ed.1999).

. Appellant objected, without success, to his former counsel testifying, based on the attorney-client privilege, and argues it on appeal. Section 90.502, Florida Statutes which covers lawyer-client privilege, provides that there is no privilege for communications “relevant to an issue of breach of duty by the lawyer to the client.” § 90.502(4)(c). It has been held that *485 the attorney-client privilege has been waived when a defendant alleges his plea was not informed because counsel failed to advise him. Turner v. State, 530 So.2d 45 (Fla.1987). The privilege is also waived where ineffectiveness of counsel is alleged on post-conviction relief. Lopez v. Singletary, 634 So.2d 1054 (Fla.1993); Owen v. State, 773 So.2d 510 (Fla.2000). In this case, appellant's motion alleging that his plea was involuntary constituted a challenge to the effectiveness of his counsel. The matters to which counsel testified, which related only to the informed nature of the plea, and not to anything which would have prejudiced the appellant if the plea had been set aside and he had gone to trial, were not privileged.