MAY, C.J.
The defendant appeals his conviction for sexual battery on a person under twelve by a person under the age of eighteen, and his life sentence. We find no merit in the issues raised concerning his conviction, but reverse his life sentence. We remand the case to the trial court for resentencing.
Recently, the United States Supreme Court held that a life sentence without the possibility of parole for a non-homicide crime constitutes cruel and unusual punishment for a defendant under the age of eighteen at the time the crime is committed. Graham v. Florida, — U.S. —, 130 S.Ct. 2011, 2033-34, 176 L.Ed.2d 825 (2010). “A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term.” Id. at 2034.
Here, the defendant was sixteen at the time of the crime. His life sentence violates the Eighth Amendment of the United States Constitution and must be reversed. See Cunningham v. State, 74 So.3d 568 (Fla. 4th DCA 2011).

The conviction is affirmed, but the life sentence is reversed and the case is remanded for resentencing.

STEVENSON and CIKLIN, JJ., concur.