PER CURIAM.
These two cases have been consolidated for purposes of appeal. Larrieux appeals his sentence of forty years in prison after the trial court found him in violation of his probation.[1] Larrieux contends that the trial court erred by denying him the opportunity to be heard before sentencing. We agree. We reverse the sentence and remand the case back to the trial court for a new sentencing hearing.
Prior to the commencement of the violation of probation hearing, Larrieux requested that, if the court should find him in violation of his probation, the trial court continue the sentencing portion of the hearing. Larrieux stated that he was not prepared to proceed to a sentencing hearing, and he wanted “the court to hear absolutely everything” before pronouncing a sentence. Immediately after the trial court found Larrieux in violation of his probation, it sentenced Larrieux to forty years in prison, the maximum penalty he faced based on the charges for which he was on probation, without giving Larrieux or his counsel an opportunity to present any evidence or argument in mitigation prior to imposing the sentences[2].
Florida Rule of Criminal Procedure 3.720(b) states that, at a sentencing hear *1222 ing, “[t]he court shall entertain submissions and evidence by the parties that are relevant to the sentence.” Because we find that the trial court departed from the essential requirements set forth in rule 3.720(b), we reverse the sentence and remand the case for a new sentencing hearing.

Reversed and remanded.

WARNER, GROSS and CONNER, JJ„ concur.

. Larrieux only appeals the sentence, not the judgment finding him in violation of probation.

. Although the State argues the error was not preserved, we disagree.