DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GUICHARD JEAN-BAPTISTE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-660

[January 28, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert Belanger and Robert Makemson, Judges; L.T. Case No. 562007CF002603A.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

KASTRENAKES, J., Associate Judge.

Guichard Jean-Baptiste appeals his sentence for sexual battery by a person less than 18 years of age on a child less than 12 years of age. Jean-Baptiste argues that the trial court committed reversible error by requiring that he be sworn and subject to cross-examination before making any statement at his sentencing, in violation of his due process right to allocution. On the record before us, we find this alleged error to be unpreserved and not fundamental error. Therefore, we affirm.

## Background

Jean-Baptiste was tried and convicted of sexual battery on a child under twelve by a person under eighteen and sentenced to life imprisonment. In his initial appeal from the judgment and sentence, we affirmed his conviction but reversed and remanded for re-sentencing in light of *Graham v. Florida*, 560 U.S. 48 (2010), which prohibits life sentences for juveniles on convictions for crimes not involving murder as violative of the Eighth Amendment to the U.S. Constitution. *Jean-Baptiste*

*v. State*, 76 So. 3d 1070 (Fla. 4th DCA 2011).[1]

On remand, a full sentencing hearing was held. The defense sought a downward departure from the Criminal Punishment Code ("CPC") Scoresheet recommended floor sentence based on three statutory factors: a) the defendant's capacity to appreciate the criminal nature of the conduct was impaired; b) the offense was committed in an unsophisticated manner, was an isolated incident, and the defendant showed remorse; and c) the defendant was too young to appreciate the consequences of the crime at the time he committed the offense. The court held a full evidentiary hearing on the motion during which the defense called numerous witnesses. At the latter part of the hearing, the court inquired whether Jean-Baptiste wished to offer evidence or make a statement, and the defense attorney indicated he did. The following exchange occurred:

> Court: Okay, he needs to be sworn please.
>
> Defense: Oh, he, I, but Your Honor, but forgive me, but in an allocution hearing I thought it was unsworn. Ah, that's what allocution...
>
> Court: I usually have 'em sworn.
>
> Defense: My knowledge of the law...an allocution hearing is unsworn and that raise [sic] a good question um, I, I don't think he's subject to cross examination, so that's a, a good question.
>    ...
> Court: If he's gonna be giving me something then she's [the Assistant State Attorney] entitled to ask him questions.
>    ...
> Defense: Um, okay, so let me just ask him, just hold on one second. Your Honor, um, he does ah, [the Defendant] does wanna make a statement to the Court and for the record I would object to the cross examination. I understand the Court's already ruled, but I just wanna preserve that as an objection...
>
> State: Um, I would ask that he be sworn and subject to perjury if he's going to be testifying in court just as any other

---

[1]Judge Belanger presided over the trial and sentenced Jean-Baptiste to life imprisonment. After remand, Judge Makemson presided over Jean-Baptiste's re-sentencing.

witness.

    ...

Court: Okay, if he's gonna testify he needs to be under oath and subject to cross examination.

Defense: Okay, so I just, one more time, Your Honor, just to make sure. Okay, Your Honor, ah, Mister ah, ah, based upon the Court's ruling that he would have to testify, be under oath he's not gonna make a statement to the Court.

Court: Okay.

The Court then proceeded to hear argument on whether a valid reason for departure was established by the defendant and the Court ruled that the defendant failed to carry his burden and denied his request for a downward departure. Jean-Baptiste then was sentenced to fifteen years' imprisonment in the Department of Corrections followed by five years' sex offender probation.

## Analysis

First and foremost, Jean-Baptiste failed to preserve any alleged error for review. Although defense counsel objected when the court required the defendant to be placed under oath, the Court's ruling was eminently correct given the fact that there was an on going evidentiary hearing regarding whether the Court should downwardly depart from the CPC Scoresheet recommended Guideline sentence. Counsel failed to articulate his reasons for demanding an unsworn statement from the defendant. If he intended to "offer testimony" on the departure issue as surmised by the Court, then indeed Jean-Baptiste would have to be properly sworn and be subject to cross-examination. This is because a trial court's finding that grounds exist supporting a downward departure must be based on competent, substantial evidence. *See Staffney v. State*, 826 So. 2d 509, 511-12 (Fla. 4th DCA 2002). Therefore, on this basis, we find that this sentence must be affirmed.[2]

On the other hand, if counsel had concluded his evidentiary submissions and was intending to simply offer an unsworn statement of his client immediately prior to sentencing, he should have made that position clear to preserve the point for appellate review. On appeal, he now raises this issue as a due process violation for the first time. *See*

---

[2]Jean-Baptiste does not raise in this appeal the appropriateness of the trial court's order denying his motion for downward departure.

*Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982).  Therefore, this Court must review any alleged error as fundamental error.  *Jackson v. State*, 983 So. 2d 562, 578 (Fla. 2008).  To qualify as fundamental error, the error "must be basic to the judicial decision under review and equivalent to a denial of due process."  *Id.* at 575  (quoting *Hopkins v. State*, 632 So. 2d 1372, 1374 (Fla. 1994)).

Florida Rule of Criminal Procedure 3.720(a) provides that:  "[T]he defendant may allege and show as legal cause why sentence should not be pronounced only: 1) that the defendant is insane; 2) that the defendant has been pardoned of the offense for which he or she is about to be sentenced; 3) that the defendant is not the same person against whom the verdict or finding of the court or judgment was rendered; or 4) if the defendant is a woman and sentence of death is to be pronounced, that she is pregnant."  Jean-Baptiste has failed to allege any of these grounds on appeal.

Furthermore, Rule 3.720(b) provides that a court "shall entertain submissions and evidence by the parties that are relevant to the sentence."  Fla. R. Crim. P. 3.720(b).  Our courts have read rule 3.720(b) as requiring a trial court to permit a defendant to make a statement to the court.  *Dean v. State*, 60 So. 3d 532 (Fla. 1st DCA 2011); *Chillingworth v. State*, 846 So. 2d 674 (Fla. 4th DCA 2003); *Ventura v. State*, 741 So. 2d 1187 (Fla. 3d DCA 1999).  We previously determined that the trial court "departed from the essential requirements set forth in rule 3.720(b)" where it sentenced the defendant without giving the defendant or his counsel an opportunity to present any evidence or argument in mitigation prior to imposing the sentences.  *Larrieux v. State*, 138 So. 3d 1221, 1221 (Fla. 4th DCA 2014).  The Fifth District also reversed a sentence where the record revealed that the defendant never had the opportunity to offer evidence or make a statement to the court.  *Witt v. State*, 983 So. 2d 708 (Fla. 5th DCA 2008).

None of the case law expressly addresses whether the rule is violated if the defendant's statement is required by the court to be given under oath, subject to cross-examination.  Additionally, the plain language of the rule does not make it clear if the defendant has a right to present an unsworn statement not subject to cross-examination.  In contrast, the comparable federal sentencing rule, which provides for the right to "allocution," expressly provides that a defendant must be given the opportunity to make a statement, and does not frame the statement in the context of an evidentiary submission.  *See* Fed. R. Crim. P. 32(i)(4)(A)(ii) (providing that before imposing sentence, the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence"); *U.S. v. Prouty*, 303 F.3d 1249 (11th

Cir. 2002) (explaining that allocution is the right of the defendant to make a final plea on his own behalf prior to imposition of the sentence).

In Florida, defendants in capital cases have a right to make an unsworn statement to the judge prior to sentence bring imposed. *See Troy v. State*, 948 So. 2d 635, 648 (Fla. 2006) (recognizing that a defendant in a capital case has the right to "allocate" before the judge prior to sentencing, pursuant to *Spencer v. State*, 615 So. 2d 688 (Fla. 1993)), but that any statement to the jury during the sentencing phase must be subject to cross-examination). Florida cases do not address whether allocution involves an unsworn statement in non-capital cases. See *Ryan v. State*, 78 So. 3d 14, 15 (Fla. 3d DCA 2011) (Emas, J., concurring in part and dissenting in part) (opining that sentencing courts should not be permitted to *sua sponte* raise a defendant's apparent lack of remorse, as this would "risk forcing a defendant to choose between maintaining his innocence after trial . . . and a defendant's right to allocution before sentencing") (citing Rule 3.720(b)); *Witt v. State*, 983 So. 2d 708, 708 (Fla. 5th DCA 2008) (accepting state's concession to defendant's claim that his "allocution rights" were violated when court did not give him opportunity to speak or present evidence at sentencing); *Adler v. State*, 382 So. 2d 1298, 1304 (Fla. 3d DCA 1980) ("The court denied the motion to vacate the guilty plea, gave the defendant his allocution rights and pronounced sentence"); *Adams v. State*, 376 So. 2d 47, 56 (Fla. 1st DCA 1979) ("The court otherwise remains free to inform itself as in ordinary sentencing through presentence report hearsay, subject to the defendant's right to produce his own witnesses, and his right of allocution").

In *Barlow v. State*, 784 So. 2d 482 (Fla. 4th DCA 2001), we described the defendant's pre-sentence unsworn submission as an "allocution hearing" which we defined "as an opportunity for the defendant to make an unsworn statement to mitigate the sentence or for a crime victim to make a statement relevant to sentencing." *Id.* at 483 n.1 (Fla. 4th DCA 2001) (citing Black's Law Dictionary 75 (7th ed. 1999)); *see also People v. Evans*, 187 P.3d 1010, 1012 n.2 (Cal. 2008) ("The word 'allocution' has often been used for a *mitigating statement made by a defendant in response to the court's inquiry.*" (Citation omitted)); *Craig v. State*, 179 So. 2d 202, 206 (Fla. 1965) (Ervin, J., dissenting) ("Appellant refers to the fact that a defendant usually has the right of allocution; that is, the right to express without restraint to his sentencer why judgment or sentence should not be meted out to him.").

We now make clear what *Barlow, Larrieux, Chillingworth, Witt,* and *Dean* have long implied: that a criminal defendant prior to sentencing has the opportunity to make an unsworn statement to the sentencing judge in

allocution.  Like the receipt of unsworn letters, the opportunity of the defendant to "allocute" gives the defendant a chance to express to the sentencing court any additional information to aid the court in making a sound and reasoned judgment on the most important matter upon which it is called to judge, that is, the appropriate sentence to be meted out to the convicted criminal defendant.

## Conclusion

In this appeal, the defendant complains he was denied due process. Defendant Jean-Baptiste was given the opportunity to be heard at the sentencing hearing and therefore, the due process argument has no merit. Additionally, because Jean-Baptiste offered his statement in the context of a sentencing hearing which included the introduction of evidence in support of Jean-Baptiste's motion for downward departure, the trial court did not err in requiring Jean-Baptiste to be sworn and subject to cross-examination.  We do not find that the failure to allow the defendant to make an unsworn statement to the court to be fundamental error. Accordingly, we affirm the trial court's sentence.

*Affirmed.*

GROSS and CIKLIN, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***