DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT J. BAEHREN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-364

[January 10, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Mirman, Judge; L.T. Case No. 13001538CFAXMX.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Robert Baehren appeals sentences imposed for multiple convictions. Because we agree with his assertion that the trial court impermissibly considered a pending and unresolved charge in making its sentencing determination, we reverse and remand for resentencing before a different judge.

The sentences on appeal correspond to charges brought in December 2013. The defendant pled no contest to most of the charges and was released on his own recognizance until the sentencing hearing, which was set for three months later in April 2014. The defendant failed to appear for his sentencing hearing and the trial judge ordered a bench warrant to issue. In October 2015, the defendant was apprehended on the bench warrant. Additionally, the state charged the defendant with one count of felony failure to appear.

The sentencing hearing took place in January 2016, at which time the felony failure to appear charge was still pending. After some discussion

of whether it was permissible, the defendant gave an unsworn allocution and requested a sentence of one year in the county jail followed by six months in a rehabilitative facility. Despite the fact that the state requested a five-year prison sentence for the sixty-four year old defendant, the trial court adjudicated the defendant guilty and imposed a ten-year sentence. In pronouncing sentence, the trial court explained:

> [T]his is what I believe to be the appropriate sentence given everything involved in your case, *including what happened after you entered the plea with regard to the not showing up.* And limiting it to that. But the primary justification is your conduct in this case, your age, your history of convictions, who you are, whether you need to be removed from society.

On appeal, the defendant argues that the trial court erred in considering his failure to appear since it was a pending charge for which a conviction had not been obtained. We agree.

Generally, a sentence within the permissible statutory range is not subject to review, but an exception is made "when the sentence is based on constitutionally impermissible factors, such as unsubstantiated allegations of wrongdoing." *Williams v. State,* 193 So. 3d 1017, 1018 (Fla. 1st DCA 2016). Whether a trial court violates a defendant's due process rights by considering impermissible factors in sentencing is a question of law subject to de novo review. *Norvil v. State,* 191 So. 3d 406, 408 (Fla. 2016).

Our analysis of this issue is straightforward. In *Norvil*, the Florida Supreme Court adopted a "bright line rule" that "a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense." *Id.* at 410. "The State has the burden 'to show that the trial court did not rely on the pending charge resulting from the subsequent arrest.'" *Fernandez v. State,* 212 So. 3d 494, 497 (Fla. 2d DCA 2017) (quoting *id.* at 409).

Because the defendant's failure to appear was charged as a new substantive crime in a separate case which was still pending at the time of his sentencing, the trial court erred by factoring in the unresolved charge.

The state asserts that "[f]orcing a trial court to ignore a fact which occurred directly before it such as a defendant's failure to appear would force a trial judge to ignore the reality of the defendant before the court for sentencing." As compelling as the state's argument may be, we are

2

bound by the bright line rule announced in *Norvil*. Consequently, we reverse the defendant's sentences and we remand for resentencing before a different judge. *See Guerra v. State*, 212 So. 3d 541, 542 (Fla. 4th DCA 2017) (reversing for sentencing before a different judge where sentence was based on improper considerations).

We additionally take this opportunity to reiterate "that a criminal defendant prior to sentencing has the opportunity to make an unsworn statement to the sentencing judge in allocution." *Jean-Baptiste v. State*, 155 So. 3d 1237, 1242 (Fla. 4th DCA 2015).

> Like the receipt of unsworn letters, the opportunity of the defendant to "allocute" gives the defendant a chance to express to the sentencing court any additional information to aid the court in making a sound and reasoned judgment on the most important matter upon which it is called to judge, that is, the appropriate sentence to be meted out to the convicted criminal defendant.

*Id.*

The defendant was properly afforded the opportunity to make an unsworn allocution below. He argues, however, that the trial court erred in affording his allocution diminished weight because it was unsworn. We are unaware of any authority requiring a trial court to assign the same weight to an unsworn statement as it would to testimony given under oath and subject to cross examination and potential perjury charges.

We find the remainder of the arguments raised by the defendant to be without merit.

*Reversed and remanded with instructions.*

GERBER, C.J., and LEVINE, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3