DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HARVEY MICHAEL HILL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-272

[April 25, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina A. Keever-Agrama, Judge; L.T. Case No. 09CF006916AMB.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Harvey Hill appeals his sentence entered after a violation of probation ("VOP") hearing by raising four issues on appeal. First, whether the trial court abused its discretion by failing to permit appellant to reopen his case after both parties had delivered their closing arguments. Second, whether the trial court failed to conduct an adequate *Faretta* inquiry when he asked to fire his attorney. Third, whether the trial court erred in denying appellant opportunities to make arguments on his own behalf at sentencing following the violation hearing. And fourth, whether a successor judge properly filed a written probation revocation order and denied appellant's rule 3.800(b)(2) motion based on rulings by a prior judge who had previously recused herself sua sponte. We affirm as to issues one and two without comment, but find that issue three has merit. We reverse for new sentencing on that ground, thus making the fourth issue moot.

At the end of his VOP hearing and following the close of the evidence and closing arguments, appellant was granted the right to discharge his

attorney. He conducted the remainder of the hearing pro se, but with standby counsel available. While proceeding pro se, appellant made several requests to present additional evidence to the court, but the trial judge denied those requests.

Thereafter, as the court attempted to orally pronounce its ruling, appellant interrupted and made an ore tenus motion to disqualify the trial judge. This motion was also denied.

Then, without fully declaring its ruling on the VOP, the court asked for recommended sentences. The State recommended fifteen years in prison with credit for time served. Soon after, the following exchange occurred:

[THE STATE]: And Judge, actually I'm sorry, did you make findings in relations to the violations? I think you asked for --

THE COURT: I haven't yet; I'm getting ready to do that.

[THE STATE]: Okay.

[APPELLANT]: Well, I would like to speak on my behalf, Judge.

THE COURT: All right.

[APPELLANT]: When you get a chance.

THE COURT: I'm finding the State has proven by preponderance --

[APPELLANT]: I would like to speak --

THE COURT: -- of the evidence -- sir? Uhm, the State has proven by a preponderance of the evidence that you were based on the testimony that we heard on March 14th, 2016 as well as December 1st, 2016 as well as the evidence presented today the Court has taken into consideration all that evidence finding that the State has proven by a preponderance of the evidence that you were informed of your conditions of probation by a probation officer at the time - - soon after your sentence soon after you were placed on probation.

The court went on to find that appellant violated numerous conditions of probation, revoked and terminated that probation, and sentenced appellant to ten years in prison with credit for time served. The court never provided appellant the opportunity to make an allocution prior to imposing sentence. For the reasons set forth below, this was error.

2

"We have de novo review of a trial court's compliance with the guarantees of due process." *Flegal v. Guardianship of Swistock*, 169 So. 3d 278, 281 (Fla. 4th DCA 2015).

The appellant did not make a contemporaneous objection to the court's failure to allow him to allocute before pronouncing sentence. Where the issue is not preserved, to qualify as fundamental error the error "must be basic to the judicial decision under review and equivalent to a denial of due process." *Id.* at 575 (quoting *Hopkins v. State*, 632 So. 2d 1372, 1374 (Fla. 1994)). However, if a defendant, or his counsel, makes it clear that he or she intends to offer an unsworn statement to the court, then the issue is properly preserved for appellate review. *See Jean-Baptiste v. State*, 155 So. 3d 1237, 1240 (Fla. 4th DCA 2015); *see also Jackson v. State*, 983 So. 2d 562, 578 (Fla. 2008). We therefore review this case de novo because appellant made a clear request to make an unsworn statement prior to sentencing.

Florida Rule of Criminal Procedure 3.720(b) imposes requirements on trial judges pertaining to sentencing. This rule states, "The court **shall** entertain submissions and evidence by the parties that are relevant to the sentence." (Emphasis added).

As this court noted in *Jean-Baptiste*:

> In Florida, defendants in capital cases have a right to make an unsworn statement to the judge prior to sentence being imposed. *See Troy v. State,* 948 So. 2d 635, 648 (Fla. 2006) (recognizing that a defendant in a capital case has the right to "allocate" before the judge prior to sentencing, pursuant to *Spencer v. State,* 615 So. 2d 688 (Fla. 1993)), but that any statement to the jury during the sentencing phase must be subject to cross-examination). Florida cases do not address whether allocution involves an unsworn statement in non-capital cases. See *Ryan v. State,* 78 So. 3d 14, 15 (Fla. 3d DCA 2011) (Emas, J., concurring in part and dissenting in part) (opining that sentencing courts should not be permitted to *sua sponte* raise a defendant's apparent lack of remorse, as this would "risk forcing a defendant to choose between maintaining his innocence after trial . . . and a defendant's right to allocution before sentencing") (citing Rule 3.720(b)); *Witt v. State,* 983 So. 2d 708, 708 (Fla. 5th DCA 2008) (accepting state's concession to defendant's claim that his "allocution rights" were violated when court did not give him

opportunity to speak or present evidence at sentencing); *Adler v. State,* 382 So. 2d 1298, 1304 (Fla. 3d DCA 1980) ("The court denied the motion to vacate the guilty plea, gave the defendant his allocution rights and pronounced sentence"); *Adams v. State,* 376 So. 2d 47, 56 (Fla. 1st DCA 1979) ("The court otherwise remains free to inform itself as in ordinary sentencing through presentence report hearsay, subject to the defendant's right to produce his own witnesses, and his right of allocution").

In *Barlow v. State,* 784 So. 2d 482 (Fla. 4th DCA 2001), we described the defendant's pre-sentence unsworn submission as an "allocution hearing" which we defined "as an opportunity for the defendant to make an unsworn statement to mitigate the sentence or for a crime victim to make a statement relevant to sentencing." *Id.* at 483 n.1 (Fla. 4th DCA 2001) (citing Black's Law Dictionary 75 (7th ed. 1999)); *see also People v. Evans,* 44 Cal. 4th 590, 80 Cal. Rptr. 3d 174, 187 P.3d 1010, 1012 n.2 (2008) ("The word 'allocution' has often been used for a *mitigating statement made by a defendant in response to the court's inquiry.*" (Citation omitted)); *Craig v. State,* 179 So. 2d 202, 206 (Fla. 1965) (Ervin, J., dissenting) ("Appellant refers to the fact that a defendant usually has the right of allocution; that is, the right to express without restraint to his sentencer why judgment or sentence should not be meted out to him.").

We now make clear what *Barlow, Larrieux, Chillingworth, Witt,* and *Dean* have long implied: that a criminal defendant prior to sentencing has the opportunity to make an unsworn statement to the sentencing judge in allocution. Like the receipt of unsworn letters, the opportunity of the defendant to "allocute" gives the defendant a chance to express to the sentencing court any additional information to aid the court in making a sound and reasoned judgment on the most important matter upon which it is called to judge, that is, the appropriate sentence to be meted out to the convicted criminal defendant.

155 So. 3d at 1241-42. For our holding, we relied on several cases from this court recognizing a defendant's right of allocution.

For example, in *Larrieux v. State,* 138 So. 3d 1221, 1221-22 (Fla. 4th DCA 2014), we held:

Immediately after *the trial court found Larrieux in violation of his probation, it sentenced Larrieux to forty years in prison*, the maximum penalty he faced based on the charges for which he was on probation, *without giving Larrieux or his counsel an opportunity to present any evidence or argument in mitigation prior to imposing the sentences.*

Florida Rule of Criminal Procedure 3.720(b) states that, at a sentencing hearing, "[t]he court shall entertain submissions and evidence by the parties that are relevant to the sentence." *Because we find that the trial court departed from the essential requirements set forth in rule 3.720(b), we reverse the sentence and remand the case for a new sentencing hearing.*

(Emphasis added).

On this issue, our sister courts agree. For example, the Third District has held:

[U]nder Florida Rule of Criminal Procedure 3.720(b), before imposing sentence the trial court is required to "entertain submissions and evidence by the parties that are relevant to the sentence." *Under the rule, defendant was entitled to make a statement to the court. See Culbertson v. State*, 306 So. 2d 142, 143 (Fla. 2d DCA 1975). As we view the matter, the opportunity to address the court must be allowed even if the case involves a mandatory sentence. Respecting the right of the defendant to address the court "maximiz[es] the perceived equity of the process . . . ." *American Bar Association Standards for Criminal Justice* § 18-5.17 commentary at 208 (3d ed. 1994). *Where the court refuses to hear a statement by the defendant, the case must be remanded for a new sentencing hearing. See Davis v. State*, 642 So. 2d 136, 137 (Fla. 3d DCA 1994); *Hargis v. State*, 451 So. 2d 551, 552 (Fla. 5th DCA 1984).

*Ventura v. State*, 741 So. 2d 1187, 1189 (Fla. 3d DCA 1999) (emphasis added).

In an analogous case that was also cited as a basis for this court's ruling in *Jean-Baptiste*, the Fifth District observed in *Witt*:

5

> William Witt *appeals the sentences entered against him after his violation of probation.* He argues that his allocution rights were violated because the court never gave him an opportunity to speak or present evidence at the sentencing hearing. The State concedes error and *the record reveals that Witt never had an opportunity to offer evidence or make a statement to the court, as required by Florida Rule of Criminal Procedure 3.720. Accordingly, we reverse Witt's sentences and remand for a new sentencing hearing.*

983 So. 2d at 708 (emphasis added); *accord Dean v. State*, 60 So. 3d 532, 533 (Fla. 1st DCA 2011) ("The trial court erred in failing to give Appellant . . . the opportunity to address the court before imposing sentence, pursuant to Florida Rule of Criminal Procedure 3.720(b).").

Thus, Florida case law makes it clear that the right to allocution must be afforded to a defendant prior to sentencing in a VOP hearing, just as that same opportunity must be provided before sentencing in any other criminal trial or proceeding. *See Larrieux*, 138 So. 3d at 1221-22; *Dean*, 60 So. 3d at 533; *Witt*, 983 So. 2d at 708. Appellant's due process rights were violated in this case because he was not given the chance, despite his request, "'to make an unsworn statement to mitigate the sentence . . . .'" *Jean-Baptiste*, 155 So. 3d at 1242 (quoting *Barlow*, 784 So. 2d at 483 n.1). Appellant's request to speak to the court on his own behalf may have been interpreted by the trial judge as yet another attempt to delay the conclusion of the hearing. But giving appellant the benefit of the doubt, it could be just as likely that he was requesting his right to allocute before receiving his sentence.

We reverse and remand this matter for the successor trial judge to conduct a new sentencing hearing that provides appellant the opportunity for allocution before sentencing. *See Ventura*, 741 So. 2d at 1189. We leave the decision as to what sentence should ultimately be imposed to the sound discretion of the court.

*Affirmed in part, reversed in part, and remanded.*

WARNER and CIKLIN, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

6