NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICHARD CARL GOUDREAU,          )
                                )
            Appellant,          )
                                )
v.                              )          Case No. 2D17-4024
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.           )
_____  )

Opinion filed January 23, 2019.

Appeal from the Circuit Court for
Charlotte County; Donald H. Mason,
Judge.

Howard L. Dimmig, II, Public Defender,
and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

Ashley Brooke Moody, Attorney
General, Tallahassee, and Lisa Martin,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

        Richard Carl Goudreau challenges the five-year prison sentence imposed

upon the revocation of his probation and adjudication of guilt of aggravated assault with

a deadly weapon.  At the violation-of-probation hearing, the trial court, upon finding that

Goudreau had willfully and substantially violated probation, immediately revoked his

probation and imposed sentence. Defense counsel then conferred with Goudreau and stated that Goudreau wanted to address the court regarding sentencing, but the court responded: "I've already made my decision on the sentencing. There's really nothing I wish to hear from this point forward."

On appeal, Goudreau argues, and the State concedes, that the trial court erred in sentencing him without affording him—and, in fact, affirmatively denying him— his right of allocution. We agree. See Fla. R. Crim. P. 3.720(b); State v. Scott, 439 So. 2d 219, 221 (Fla. 1983); Hodierne v. State, 141 So. 3d 1254, 1255 (Fla. 2d DCA 2014); Hill v. State, 246 So. 3d 392, 396-97 (Fla. 4th DCA 2018). Accordingly, we affirm the revocation of Goudreau's probation and the judgment adjudicating guilt, but we reverse the resulting sentence and remand for a new sentencing hearing.

Affirmed in part; reversed in part; remanded.

CASANUEVA and BADALAMENTI, JJ., Concur.