DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JESSICA SERNA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1619

[February 20, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 17002361CF10A.

Carey Haughwout, Public Defender, and Jaime Lapidus, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Jessica Serna appeals her sentence stemming from multiple charges of fraudulent practices and theft. Appellant argues that the trial court violated her right to due process in rejecting her request to be placed under oath at her sentencing hearing because 1) the court was required to entertain submissions and evidence in mitigation, and 2) she had the right to allocution prior to sentencing. Because we find that it was error to deny Appellant an opportunity to present mitigation testimony to rebut issues raised by the State and the trial court during sentencing, we reverse her sentence and remand for a new sentencing hearing.

**Background**

Appellant was charged with one count of trafficking in counterfeit credit cards, two counts of defrauding a financial institution, one count of criminal use of personal identification information, two counts of credit card forgery, and one count of misdemeanor petit theft. The trial court accepted her no contest plea to all charges and a sentencing hearing followed.

Defense counsel requested that the court withhold adjudication, arguing that Appellant "has a drug problem" and is "amenable for treatment," had no prior felony criminal history, and that her nonviolent crimes were "a[n] isolated incident" done in an unsophisticated manner. As the State began to object to the characterization of the crimes as unsophisticated, the trial court interjected that, "absent a showing of remorse," it could not grant the request for a withhold of adjudication. The State added that there was no evidence presented that Appellant had a substance abuse issue or that she was amenable to treatment.

The court then asked defense counsel for the "[l]ast word." Defense counsel requested that Appellant be placed under oath, which entreaty the court summarily denied. Defense counsel replied, "But that was my only argument[], Judge. Based off the circumstances and based off of mitigator reasons in the downward departure statute, I believe this is an individual that should receive a withhold."

The trial court denied the defense's request to withhold adjudication, adjudicated her guilty, and imposed a ten-year probationary sentence. On appeal, Appellant argues that she was "never given the chance to address the sentencing court," and this denial "violated appellant's due process right to allocution and went against the sentencing court's mandatory obligations to entertain evidence relevant to the sentence."

## Analysis

We review a trial court's compliance with the guarantees of due process de novo. *Hill v. State*, 246 So. 3d 392, 394 (Fla. 4th DCA 2018) (citing *Flegal v. Guardianship of Swistock,* 169 So. 3d 278, 281 (Fla. 4th DCA 2015)).

Appellant contends that despite her request, she was denied the chance to address the court concerning a withhold of adjudication.[1] At trial,

---

[1] Appellant's initial brief also asserts that she was denied the opportunity to allocute. A statement in allocution is an *unsworn statement* by the defendant to the court that is not subject to cross-examination and potential perjury, and where the defendant can speak freely to the court and express "any additional information to aid the court in making a sound and reasoned judgment . . . ." *Jean-Baptiste v. State*, 155 So. 3d 1237, 1242 (Fla. 4th DCA 2015). In the instant case, defense counsel requested that Appellant be sworn, and did not otherwise place the trial court on notice that Appellant sought an opportunity to allocute. Thus, we do not address this issue on appeal.

defense counsel argued that, based on section 775.08435, Florida Statutes, the trial court may withhold adjudication if there are mitigating circumstances such as those set forth in the downward departure statute (section 921.0026, Florida Statutes). Specifically, Appellant maintained that "this crime was committed in an unsophisticated manner and it's a (sic) isolated incident"; she has a drug problem and is amenable to treatment; and, she had no prior felonies.

Florida Rule of Criminal Procedure 3.720(b) requires the court to entertain submissions and evidence by the parties that are relevant to sentencing. Failure to comply with this rule is reversible error. *Compere v. State*, 44 Fla. L. Weekly D215 (Fla. 4th DCA Jan. 9, 2019) (citing *State v. Munson*, 604 So. 2d 1270, 1271 (Fla. 4th DCA 1992)). "Under the rule . . . defendant[s] are entitled to make a statement to the court, as well as present matters in mitigation." *Chillingworth v. State*, 846 So. 2d 674, 676 (Fla. 4th DCA 2003); *see Hodierne v. State*, 141 So. 3d 1254, 1255 (Fla. 2d DCA 2014) (remanding for new sentencing "at which Hodierne shall be permitted to present the entirety of his statement and any other evidence or submission relevant to the sentence, as provided by rule 3.720(b)").

"The rule does not address which submissions or what evidence are ultimately admissible; it requires only that the sentencing court should 'entertain' their proffers." *Gorzynski v. State*, 255 So. 3d 990, 993 (Fla. 2d DCA 2018) (Lucas, J. concurring). Courts have determined that Rule 3.720(b) provides defendants with an opportunity to proffer evidence in mitigation (which might include the defendant's own testimony). *See Goldberg v. State*, 65 So. 3d 115, 116 (Fla. 3d DCA 2011) (holding that the defendant was entitled to present rebuttal to the State's evidence that the defendant lacked remorse); *H.B.T. v. State*, 495 So. 2d 919, 920 (Fla. 4th DCA 1986) (reversing because the trial court refused the defendant's request to present the testimony of two police officers to buttress the defense's substantial assistance argument as mitigation of sentence evidence).

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Due process requires a meaningful opportunity "to be heard, to testify, and to present evidence"; otherwise, it is fundamental error. *Weiser v. Weiser*, 132 So. 3d 309, 311 (Fla. 4th DCA 2014) (citing *Slotnick v. Slotnick,* 891 So. 2d 1086, 1089 (Fla. 4th DCA 2004)); *see Branton v. State,* 187 So. 3d 382, 385 (Fla. 5th DCA 2016) (wholly

denying defendant's request to present matters in mitigation is fundamental error).

In *Jean-Baptiste v. State*, 155 So. 3d 1237 (Fla. 4th DCA 2015), we concluded that the defendant's right to due process was not violated because he was given the opportunity to make a *sworn* statement at sentencing (during an evidentiary hearing on his motion for downward departure), but he chose not to do so. *Id.* at 1242. By contrast, Appellant here indicated that she sought to present evidence in mitigation through a sworn statement, but the request was summarily denied. In looking to the context of Appellant's request to be placed under oath (particularly the court's assertion that it would not grant a withhold absent a showing of remorse—an issue not previously addressed by Appellant), the trial court's outright denial does not meet the rule's mandatory language that it "entertain" submissions and evidence relevant to mitigation. This violated Appellant's due process rights because she did not have a meaningful opportunity to be heard on the issues raised by the court and the State. This was error on the part of the trial court and entails reversal.[2]

## Conclusion

Determining an appropriate sentence is "the most important matter upon which [a court] is called to judge." *Id.* Defendants are entitled to present matters in mitigation pursuant to rule 3.720(b) and the requirements of due process. Therefore, denying Appellant the requested opportunity to testify at her sentencing was error. Accordingly, we reverse Appellant's sentence and remand for a new sentencing hearing in compliance with rule 3.720(b).

*Reversed and remanded.*

MAY and LEVINE, JJ. concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] The State maintains that Appellant failed to preserve the issue by not offering an objection subsequent to the trial court's denying her an opportunity to present sworn evidence. Appellant contends that the issue was preserved, because the request to be heard was unambiguously made. We need not address the preservation issue, as we find that, even if the issue was not preserved for appellate review, the trial court's refusal to permit Appellant to present evidence in mitigation while under oath constituted fundamental error.

4