DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELIZA WATTIEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1146

[May 4, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 502019CF009580AXXXMB.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Eliza Wattiez appeals the trial court's conviction and sentence for driving while under the influence of alcohol or chemical substances. This was her third offense within ten years. She raises three issues on appeal, but we write only to address one: whether the trial court erred in denying appellant's request to speak at sentencing. On this issue, we find no error and affirm.

Appellant was found guilty of felony DUI following a jury trial. Both sides presented their arguments at the sentencing hearing, although appellant did not request the right to allocute at any time during her counsel's presentation. After both sides finished presenting their arguments, the trial judge began to orally pronounce his sentence. While the judge was speaking, appellant herself then asked for permission to address the court. The judge denied her request and continued with appellant's sentencing.

"We have de novo review of a trial court's compliance with the guarantees of due process." *Hill v. State*, 246 So. 3d 392, 394 (Fla. 4th DCA 2018) (quoting *Flegal v. Guardianship of Swistock*, 169 So. 3d 278, 281 (Fla. 4th DCA 2015)).

At the outset, we note that appellant did not make a contemporaneous objection to the trial court's rejection of her request to allocute before pronouncing the sentence. In cases where a defendant raised no objection below, we limit our review to those errors that are "basic to the judicial decision under review and equivalent to a denial of due process." *Jackson v. State*, 983 So. 2d 562, 575 (Fla. 2008) (quoting *Hopkins v. State*, 632 So. 2d 1372, 1374 (Fla. 1994)). However, if a defendant, or their counsel, makes it clear that they intend to offer an unsworn statement to the court, no specific objection is required, and the issue is properly preserved for appellate review. *Jean-Baptiste v. State*, 155 So. 3d 1237, 1240 (Fla. 4th DCA 2015); *see Jackson*, 983 So. 2d at 578.

Florida Rule of Criminal Procedure 3.720(b) states, "The court shall entertain submissions and evidence by the parties that are relevant to the sentence." Florida courts have held that criminal defendants may make an unsworn statement to the judge. *See Dean v. State*, 60 So. 3d 532 (Fla. 1st DCA 2011); *Jean-Baptiste*, 155 So. 3d at 1242. However, such a statement must be made "*prior* to sentencing." *Jean-Baptiste*, 155 So. 3d at 1242 (emphasis added).

Appellant cites *Hill* for her claim that the trial court erred in denying her right to allocute. However, her reliance on that case is misplaced. In *Hill*, we reversed the defendant's sentence because the trial court did not allow him, as a pro se defendant, any opportunity to speak or present evidence before his sentencing. *Hill*, 246 So. 3d at 396–97.

In contrast to *Hill*, appellant was afforded an opportunity to present evidence and give any statement she wished before sentencing. In fact, the record shows her counsel presented a lengthy argument to the court before the trial judge began his pronouncement. Only after both sides had finished with their arguments, and while the judge was explaining his decision, did appellant request to speak. Although we have held that criminal defendants have the right to make a statement at sentencing, such a request must be made *prior* to sentencing and not for the first time during the trial court's pronouncement. *See id.* at 396.

Therefore, we find the trial court did not err in denying appellant's request to speak and that denying her the right to allocute under these circumstances did not deprive her of due process. *See id.* at 396–97; *Jean-*

*Baptiste,* 155 So. 3d at 1242. We affirm on this issue, as well as on all other issues raised by appellant.

*Affirmed.*

WARNER, LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**