DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SJON JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-3066

[March 26, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peter Holden, Judge; L.T. Case No. 17-001048-CF10A.

Daniel Eisenger, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant argues that the trial court committed fundamental error by not making an unsolicited inquiry into whether appellant wanted to make a statement before sentencing for his violation of probation. Appellant had not requested to allocute, nor did appellant object to the trial court proceeding with sentencing. We find that it was not fundamental error for the trial court to sentence appellant since appellant had not requested to speak. As such, we affirm.

Appellant was placed on probation for felony battery. While still on probation, appellant was arrested on new charges. Appellant proceeded to trial, during which the trial court conducted the violation of probation hearing at the same time. The trial court found appellant guilty of having violated probation. Around the same time, the jury for the new substantive charges reached a verdict.[1]

The trial court then requested appellant's sentencing scoresheet.

---

[1] The only issue in front of us is the sentencing for the violation of probation.

Appellant's counsel argued for a sentence at the bottom of the sentencing guidelines based on appellant's prior history. After the jury was discharged, the trial court continued the sentencing hearing for the violation of probation. The state asked for a sentence of 5 years, and the defense asked for 3 years. The trial court sentenced appellant to 4.6 years for the violation of probation only. The state originally said that appellant was due 460 days of credit for time served. Defense counsel corrected the state, and the trial court gave appellant 724 days of credit for time served. At no point did appellant object to anything else in the sentencing, nor did appellant ask to speak during the hearing. From this sentence, appellant appeals.

We review "de novo" a "trial court's compliance with the guarantees of due process." *Flegal v. Guardianship of Swistock*, 169 So. 3d 278, 281 (Fla. 4th DCA 2015). However, "[w]here the issue is not preserved, to qualify as fundamental error the error 'must be basic to the judicial decision under review and equivalent to a denial of due process.'" *Hill v. State*, 246 So. 3d 392, 394 (Fla. 4th DCA 2018) (quoting *Jackson v. State*, 983 So. 2d 562, 575 (Fla. 2008)). Since appellant did not make it clear that he "intend[ed] to offer an unsworn statement to the court," then the issue was not properly preserved for appellate review. *Id.* Thus, we review only for fundamental error. *See Maddox v. State*, 760 So. 2d 89, 99-100 (Fla. 2000) ("[I]n order to be considered fundamental, an error must be serious. In determining the seriousness of an error, the inquiry must focus on the nature of the error, its qualitative effect on the sentencing process and its quantitative effect on the sentence. In most cases, a fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected.") (citation omitted).

An allocution hearing has been defined as "an opportunity for the defendant to make an unsworn statement to mitigate the sentence . . . ." *Barlow v. State*, 784 So. 2d 482, 483 n.1 (Fla. 4th DCA 2001). Florida Rule of Criminal Procedure 3.720(b) provides that "[t]he court shall entertain submissions and evidence by the parties that are relevant to the sentence." This differs from defendants in capital cases. In Florida, capital defendants have the right to allocute before the judge prior to sentence being imposed. *Spencer v. State*, 615 So. 2d 688, 690-91 (Fla. 1993); *see also Troy v. State*, 948 So. 2d 635, 648 (Fla. 2006).

Further, in Florida,

> a criminal defendant prior to sentencing has the *opportunity* to make an unsworn statement to the sentencing judge in

allocution. Like the receipt of unsworn letters, the *opportunity* of the defendant to "allocute" gives the defendant a chance to express to the sentencing court any additional information to aid the court in making a sound and reasoned judgment . . . .

*Jean-Baptiste v. State*, 155 So. 3d 1237, 1242 (Fla. 4th DCA 2015) (emphasis added). The key word here is "opportunity." *See* Noah Webster, *An American Dictionary of the English Language* (1828) (defining "opportunity" as "[f]it or convenient time; a time favorable for the purpose; suitable time combined with other favorable circumstances").

In the present case, appellant had more than an opportunity to speak up. He could have requested to speak on his own behalf, like the appellant did in *Hill*. He could have asked to allocute at any time of the extended sentencing that was broken up by the jury's deliberations and verdict on the substantive crimes. Appellant did not object or do anything to alert the trial court that he wanted to speak before sentencing.

The case of *Jean-Baptiste* is instructive. In that case, the defendant at a sentencing hearing wanted to make a statement. 155 So. 3d at 1239. However, the trial court required the defendant to be sworn before he could make a statement. *Id.* The defendant declined to give a sworn statement. *Id.* at 1240. This court found that "the failure to allow the defendant to make an unsworn statement to the court [was not] fundamental error." *Id.* at 1242. We concluded that the defendant was not denied due process since he "was given the opportunity to be heard at the sentencing hearing and therefore, the due process argument has no merit." *Id.* Like in *Jean-Baptiste*, appellant was not denied due process because he did not avail himself of the opportunity to speak.

Appellant relies on federal cases, but these cases are not persuasive since they rely on Rule 32(4)(A) of the Federal Rules of Criminal Procedure, which states:

**(4) *Opportunity to Speak.***

(A) *By a Party.* Before imposing sentence, the court must:

(i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;

(ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and

> (iii) provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

Thus, the federal rule requires the trial court to address the defendant personally. Florida has no similar rule.

The cases appellant cites from Florida involve defendants who were denied the opportunity to speak after specifically making a request. *See Davenport v. State*, 787 So. 2d 32, 32 (Fla. 2d DCA 2001) (reversing for a new sentencing hearing where the trial court refused to allow the appellant the opportunity to present evidence and argument during his sentencing hearing); *Ventura v. State*, 741 So. 2d 1187, 1188-89 (Fla. 3d DCA 1999) (reversing for a new sentencing hearing where the judge denied the defendant's request for the opportunity to speak). Other Florida cases have similarly found that a request is required. *See Goudreau v. State*, 263 So. 3d 822, 823 (Fla. 2d DCA 2019) (reversing for a new sentencing hearing where the trial court affirmatively denied the defendant his right of allocution after defense counsel stated the defendant wanted to address the court); *Chillingworth v. State*, 846 So. 2d 674, 676-77 (Fla. 4th DCA 2003) (reversing for a new sentencing hearing where the trial court denied the defendant's request to speak to the court). Appellant, in this case, made no similar request to speak before or during sentencing.

Thus, the present case is not like any of these cases where the defendant affirmatively requested an opportunity to speak and was denied by the trial court. In this case, appellant made no request to speak, and the trial court did not deny appellant an opportunity to speak.

Appellant effectively seeks that we impose upon the judge the affirmative obligation to ask the defendant whether he wants to allocute. We decline this request. Appellant offers no case law or Florida rule to require that the trial judge have the responsibility or affirmative obligation to inform the defendant of the right to allocute in non-capital criminal cases. Although we recognize that it may be a better practice to affirmatively ask the defendant if the defendant would like to say something before sentencing, we decline to make the failure to affirmatively ask if the defendant wants to allocute fundamental error.[2]

---

[2] Had appellant objected at time of sentencing, then the failure to allow allocution would have been subject to the dictates of *Hill*, 246 So. 3d at 396-97, where we found reversible error where a defendant was denied the requested opportunity to speak, as well as Florida Rule of Criminal Procedure 3.720(b), which provides

*See Jones v. State*, 997 A.2d 131, 138 (Md. 2010) (recognizing that, unlike the former rule, the present rule in Maryland no longer requires a trial court to inform the defendant of his right of allocution); *accord Perry v. State*, 822 A.2d 434, 458 (Md. Ct. Spec. App. 2002).

In summary, there is no fundamental error where appellant did not object, or affirmatively request to speak, and where the trial court did not deny appellant the opportunity to allocute.  Accordingly, we affirm.

*Affirmed.*

CONNER and ARTAU, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

---

that "[t]he court shall entertain submissions and evidence by the parties that are relevant to the sentence."  Appellant's allocution would have been considered a submission relevant to the sentence.